**Siddique KHAN, Siddique Ahmed Khan, Latifa Khatun, Siddique Shafat Khan, Petitioners,**

v.

**Alberto GONZALES,[1] United States Attorney General, Respondent.**

**Nos. 03–4516–AG(L), 03–4518(C), 03–4520(C) NAC.**

United States Court of Appeals, Second Circuit.

Oct. 24, 2005.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Salim Sheikh, New York, New York, for Appellant.

James A. Frederick, Assistant United States Attorney, Baltimore Maryland, for Appellees.

Present: MESKILL, SACK, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DE-CREED that the petition for review is hereby DENIED.

Siddique Khan, a native and citizen of Bangladesh, petitions this Court, on behalf of himself and his family members, Latifa Khatun, Siddique Ahmed Khan, and Siddique Shafat Khan, for review of an order of the Board of Immigration Appeals ("BIA") affirming the decision of an Immigration Judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") and ordering them deported to Bangladesh. Petitioner also seeks review of the BIA's order denying his motion to reopen. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the factual findings of the IJ and the BIA under the substantial evidence standard, and, as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (citation omitted). Here, because the BIA summarily affirmed the decision of the IJ, we review the decision of the IJ directly. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005).

▮ The IJ's adverse credibility finding was supported by substantial evidence. Petitioner's statements in his asylum application differed substantially from his hearing testimony, and the IJ did not unreasonably conclude that petitioner's explanation for the discrepancies was not credible. *See Jin Hui Gao v. United*

*States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005). In particular, Khan failed to amend his asylum application to reflect the claims he testified to at his hearing, despite the fact that he had amended the application in other ways in 1997. Furthermore, Khan offered no evidence to corroborate his claim that his statements on the 1993 application had been made at the behest of his attorney at the time.

■ Because petitioner failed to establish entitlement to asylum, his application for withholding of removal was also properly denied. *See Tian–Yong Chen v. I.N.S.,* 359 F.3d 121, 127 (2d Cir.2004). Because petitioner has not addressed in his brief before this Court the BIA's denial of his application for CAT relief, he has waived any challenge to that portion of the BIA's order. *See, e.g., Davis v. New York,* 316 F.3d 93, 102 n. 5 (2d Cir.2002).

■ Finally, this Court lacks jurisdiction to review the BIA's order denying petitioner's motion to reopen. Under the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009–546 ("IIRIRA"), which apply here because petitioner was in deportation proceedings before April 1, 1997, and the final orders he seeks to challenge were entered more than 30 days after September 30, 1996, *see* IIRIRA § 309(c); *Mariuta v. Gonzales,* 411 F.3d 361, 363 n. 3 (2d Cir. 2005), a petition for review must be filed within 30 days of the date of the BIA order sought to be reviewed. *See* IIRIRA § 309(c)(4)(C). "[A]n appeal from a final order of exclusion or deportation and an appeal from a denial of a motion to reopen or reconsider that final order involve[ ] 'two separate petitions filed to review two separate final orders.'" *Ke Zhen Zhao v. United States Dep't of Justice,* 265 F.3d 83, 89 (2d Cir.2001) (quoting *Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)). Because petitioner's "supplement" to his petition for review, seeking review of the denial of his motion to reopen, was filed more than 30 days after the BIA's order, this Court lacks jurisdiction to review that order.

For the foregoing reasons, the petition for review is hereby DENIED.