**YONG GAO, a/k/a Gao Yun Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 03–40335–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 22, 2005.

**364**

Gary J. Yerman, New York, New York, for Petitioner.

Maxwell Wood, United States Attorney for the Middle District of Georgia, G.F. Peterman III, First Assistant United States Attorney, Macon, Georgia, for Respondent.

PRESENT: MINER, SACK, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Yong Gao, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA summarily affirmed the IJ's decision without opinion, we review the IJ's decision directly. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). Gao contends that the IJ misapplied the law in this case, and that therefore the IJ's decision deserves no deference. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). He urges *de novo* review of the IJ's decision in light of two alleged errors: relying on "collateral issues" that did not affect the substance of Gao's claim, and applying too stringent a burden of proof to his asylum claim. Gao's statement of law is incorrect While this Court does review legal errors *de novo*, *Secaida–Rosales*, 331 F.3d at 306–07, the IJ made no such error in this case.

We review findings of fact and credibility under the substantial evidence standard. "[A] finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales*, 331 F.3d at 307. The IJ's " 'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary,' " and this Court's review of an IJ's adverse credibility determination is highly deferential. *Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*) (quoting 8 U.S.C. § 1252(b)(4)(B)).[1] When the "IJ's

---

1. This case is governed by the IIRIRA's transitional rules because Gao was in deportation proceedings before April 1, 1997, and the final order of deportation he is challenging was entered more than 30 days after September 30, 1996. *See* IIRIRA § 309(c); *Mariuta v. Gonzales*, 411 F.3d 361, 363 n. 3 (2d Cir. 2005). The standard of review of factual findings, however, is the same as it would be if this were a permanent rules case. *See Zhou Yun Zhang v. INS*. 386 F.3d 66, 73 n. 7 (2d Cir.2004) (noting that the permanent rules simply codified that standard in 8 U.S.C. § 1252(b)(4)(B)).

adverse credibility finding is based on specific examples in the record of ... contradictory evidence or inherently improbable testimony ..., a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Id.* (quoting *Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004)). An adverse credibility determination deserves particular deference when the underlying inconsistencies or implausibilities go to the heart of the asylum claim. *Xu Duan Dong,* 406 F.3d at 111–12.

Here, the IJ based the adverse credibility finding, and the denial of all three forms of relief, exclusively on Gao's failure to mention his wife's 1993 abortion until prodded. Gao's characterization of this omission as a "minor inconsistency which does not go to the heart" of his claim is baseless. *See Xu Duan Dong,* 406 F.3d at 111–12. That his wife was later allegedly sterilized would not minimize the significance of the earlier act of persecution if there was one. But INS counsel repeatedly asked Gao if the government had ever done anything to him and his wife, and he answered "no." Gao's explanation that he did not think it was relevant was understandably treated by the IJ as unconvincing.

The IJ gave cursory treatment to Gao's CAT claim, denying it without specifying a reason. The opinion's exclusive focus on credibility suggests that this denial was also based on the adverse finding. An IJ must treat a CAT claim independently, and may not properly deny a CAT claim based on adverse credibility. *See Ramsameachire,* 357 F.3d at 185. However, because Gao did not pursue this claim before this Court, it is deemed waived. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998). We also lack jurisdiction to address this issue, because Gao failed to exhaust the claim before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Foster v. INS,* 376 F.3d 75, 77–78 (2d Cir.2004).

Because substantial evidence supports the IJ's adverse credibility finding, the petition for review is hereby DENIED.