Elena **MARIUTA**, also known as Elena Mariuta Nadolo, Petitioner,

v.

Alberto **GONZALES**, Attorney General,[1] Respondent.

Docket No. 02–4460–AG.

United States Court of Appeals, Second Circuit.

Argued April 11, 2005.

Decided June 10, 2005.

---

1. Pursuant to Fed. R.App. P. 43(c)(2), Alberto Gonzales, Attorney General of the United States, has been substituted for John Ashcroft as respondent.

Thomas E. Moseley, Newark, NJ, for Petitioner.

Mark Chestnutt, Office of Immigration Litigation (Peter D. Keisler, Assistant Attorney General, Civil Division; Linda S. Wernery, Senior Litigation Counsel, and Susan W. Berry, Office of Immigration Litigation, on the brief), United States Department of Justice, Washington, DC, for Respondent.

Before: WALKER, Chief Judge, LEVAL, Circuit Judge, and DUPLANTIER, District Judge.[2]

JOHN M. WALKER, Jr., Chief Judge.

Petitioner Elena Mariuta Nadolo asks this court to review the August 20, 2002 decision of the Board of Immigration Appeals ("BIA") denying her motion to reopen her deportation proceedings. *Order*

*In re: Elena Mariuta a.k.a. Elena Nadolo,* File A71 496 991 (BIA Aug. 20, 2002) (*"BIA Order"*). At oral argument, respondent challenged for the first time this court's jurisdiction to review Nadolo's petition under the transitional rules[3] of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009. Although we normally do not consider issues raised for the first time at oral argument, we consider respondent's argument because it concerns this court's jurisdiction, which we have an independent obligation to examine. *See, e.g., United States v. $557,933.89, More or Less, in U.S. Funds,* 287 F.3d 66, 78 (2d Cir.2002). We conclude that we lack jurisdiction and dismiss the petition.

In January 1997, Nadolo moved to reopen her deportation proceedings, claiming that she was eligible for adjustment of status[4] based upon her marriage to a naturalized United States citizen and the INS's approval of her I–130 petition.[5] Although the motion was initially rejected as untimely, the INS ultimately agreed to withdraw its timeliness objection and to oppose the motion only "on the merits."

2. The Honorable Adrian G. Duplantier of the United States District Court for the Eastern District of Louisiana, sitting by designation.

3. Deportation proceedings against Nadolo were commenced prior to April 1, 1997, the date marking the end of the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009. *See Kalkouli v. Ashcroft,* 282 F.3d 202, 203 (2d Cir. 2002) (discussing IIRIRA § 309(c)(4)(E), 110 Stat. 3009–624). The BIA's denial of Nadolo's motion to reopen was issued after October 30, 1996. We treat that denial as a final order for purposes of IIRIRA's transitional rules. *See Zhao v. DOJ,* 265 F.3d 83, 89–90 (2d Cir.2001) (treating denial of motion to reopen as final order); *see also Stewart v. INS,* 181 F.3d 587, 593 (4th Cir.1999). Ac-

cordingly, IIRIRA's transitional rules apply. *Kalkouli,* 282 F.3d at 203.

4. Adjustment of status is a "form of relief that allows a deportable alien who would be admissible to the United States if he were seeking to enter the country to adjust his status to that of an alien seeking entry." *Drax v. Reno,* 338 F.3d 98, 113 (2d Cir.2003).

5. Nadolo's husband filed an I–130 petition, approval of which indicated that the INS had found the Nadolos' marriage to be "bona fide." *See Drax,* 338 F.3d at 114. During the relevant period, INS approval of an I–130 petition was a prerequisite for filing a motion to reopen based on adjustment of status. *See In re Mario Eduardo Velarde–Pacheco,* 23 I. & N. Dec. 253, 254–55, Int. Dec. No. 3463, 2002 WL 393173 (BIA 2002).

Stipulation and Order of Settlement and Withdrawal, *Nadolo v. INS*, No. 98–4020 (2d Cir. Aug. 24, 1998). The BIA denied the motion based on "a strong negative equity," using the following language:

> Although the respondent appears eligible for adjustment of status, we will deny the motion in the exercise of discretion. The respondent submitted a declaration with the motion indicating that she fabricated the basis of her application for asylum that she was a Jehovah's Witness. She was not a Jehovah's Witness. Nevertheless, the respondent pursued this basis for asylum before the Immigration Judge and the Board in 1995 and 1996, respect[ive]ly. The respondent contends that she told her attorney that she had heard of other Romanians successfully pursuing applications on this basis, and he did not counsel her against pursuing this claim. We find this to be a strong negative equity which is not outweighed by her marriage to a United States citizen and 11 years' presence in the United States. The respondent intentionally testified falsely under oath.

*BIA Order*, at 1.

█ Section 309(c)(4)(E) of IIRIRA's transitional rules provides that "there shall be no appeal of any discretionary decision" made "under" certain enumerated provisions of the Immigration and Nationality Act ("INA"), including INA § 245, 8 U.S.C. § 1255, the adjustment-of-status provision implicated in this case. As the First Circuit has recognized, " § 309(c)(4)(E) precludes the exercise of jurisdiction only where: (1) the agency decision as to which review is sought is a 'decision under' one of the enumerated sections, and (2) the agency decision rests on a ground that is committed to agency discretion." *Bernal–Vallejo v. INS*, 195 F.3d 56, 59–60 (1st Cir.1999). Whether or not we have jurisdiction to hear Nadolo's petition thus depends on whether the BIA's denial of her motion to reopen constituted a "discretionary" determination "under" § 245.

### I. Decision "Under" INA § 245

█ The BIA's denial of Nadolo's motion was arguably not a decision "under" § 245 because Nadolo moved to reopen her proceedings not by reference to § 245, but rather by reference to 8 C.F.R. § 3.2,[6] which, under the transitional rules, was the basis for the BIA's discretionary authority to grant reopening. *Zhao*, 265 F.3d at 90. The notion that a denial of a motion to reopen may, in certain circumstances, be treated as a decision "under" § 245 follows, however, from the Supreme Court's decision in *INS v. Abudu*, 485 U.S. 94, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). In that case, the Court recognized that there are "at least three independent grounds on which the BIA may deny a motion to reopen." *Id.* at 104, 108 S.Ct. 904. First, the BIA may deny the motion if the movant has failed to "establish[ ] a prima facie case for the underlying substantive relief sought." *Id.* Second, the BIA may deny the motion if the movant fails to show that she has "previously unavailable, material evidence" justifying the reopening. *Id.* at 104–05, 108 S.Ct. 904. Third, and most relevant here, the BIA may, "in cases in which the ultimate grant of relief is discretionary," such as adjustment of status, "simply determine that even if [the first two requirements] were met, the movant would not be entitled to the discretionary grant of relief." *Id.* at 105, 108 S.Ct. 904. In other words, *Abudu* stands for the proposition that where the underlying re-

---

**6.** 8 C.F.R. § 3.2 is now codified at 8 C.F.R. § 1003.2.

lief sought is itself discretionary in nature, the BIA may deny a motion to reopen if it determines that it would ultimately exercise discretion to deny that relief. *See also INS v. Doherty*, 502 U.S. 314, 333, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) (Scalia, J., concurring in judgment in part and dissenting in part) (noting that BIA has " 'merits-deciding' discretion to deny motions to reopen, even in cases where the alien is statutorily eligible and has complied with the relevant procedural requirements"). Where a denial is based on the BIA's "merits-deciding" analysis of the alien's entitlement to the ultimate relief sought, the denial may properly be said to be a decision "under" the statutory provision providing that ultimate relief. *See Rodriguez v. Ashcroft*, 253 F.3d 797, 800 (5th Cir.2001).

In this case, the BIA's decision clearly indicates that it denied her motion to reopen based on its "merits-deciding" assessment of her claim for adjustment of status. Specifically, the BIA stated that "[a]lthough the respondent appears eligible for adjustment of status, we will deny the motion in the exercise of discretion." *BIA Order*, at 1. It then went on to weigh the "negative equity" of Nadolo's false testimony in support of her earlier application against the positive considerations of her marriage and her period of residence in the United States. *Id.* Given this language, there can be little doubt that the BIA's denial was not based on either of the first two *Abudu* grounds, but rather was based on a "merits-deciding" discretionary assessment of Nadolo's entitlement to the underlying relief; as such, it was a decision "under" § 245.

II. "Discretionary" Decision

■ Having determined that the BIA's denial was "under" § 245, we turn to whether it was a "discretionary" decision.

An alien seeking adjustment of status must (1) apply for adjustment, (2) be eligible to receive an immigrant visa and be admissible to the United States for permanent residence, and (3) have an immigrant visa immediately available to him at the time his application is filed. INA § 245, 8 U.S.C. § 1255(a). Even where the alien satisfies these statutory requirements, the INS may still exercise its discretion to deny the application. *Id.; see also Firstland Int'l, Inc. v. INS*, 377 F.3d 127, 132 n. 6 (2d Cir.2004); *Drax v. Reno*, 338 F.3d 98, 113 (2d Cir.2003).

■ The BIA's decision leaves little doubt as to the grounds of denial. It does not rely on any of the three prerequisites to adjustment of status, and in fact observes that Nadolo "appears eligible for adjustment of status"; instead, the BIA opinion denies the motion "in the exercise of discretion." Given that the denial was "discretionary" and that it was "under" INA § 245, IIRIRA § 309(c)(4)(E) precludes our review of Nadolo's petition.

Our decision today is in accord with our previous cases dealing with IIRIRA's jurisdiction-stripping provisions. In *Kalkouli v. Ashcroft*, 282 F.3d 202 (2d Cir.2002), for example, we dealt not with a motion to reopen, but rather with a petition to review directly the BIA's denial of the petitioner's application for suspension of deportation, based upon a claim of "extreme hardship," pursuant to INA § 244(a). We found that we lacked jurisdiction because the BIA's rejection of the petitioner's application was a discretionary decision under one of the provisions enumerated in § 309(c)(4)(E). *Accord Bernal–Vallejo*, 195 F.3d at 63.

Our decision is also consistent with the Fifth Circuit's approach in *Rodriguez v. Ashcroft*, 253 F.3d 797 (5th Cir.2001). In that case, the court found that IIRIRA § 309(c)(4)(E) barred it from reviewing not

only the BIA's discretionary denial of petitioner's suspension-of-deportation application, based on a claim of "extreme hardship," but also the BIA's denial of the petitioner's motion to reopen, where the denial of the motion was based on the same, merits-deciding, discretionary grounds as the denial of the underlying application. *Id.* at 799–800.

 In the analogous context of IIRIRA's permanent provisions, we have recently held that the jurisdictional bar to our review of certain removal orders also precludes our review of motions to reopen removal proceedings. In *Durant v. INS*, 393 F.3d 113, 115 (2d Cir.2004), the petitioner was deemed removable because he had been convicted of a criminal offense. We found that because we lacked jurisdiction to review his removal order under 8 U.S.C. § 1252(a)(2)(C), we also lacked jurisdiction to review the BIA's order denying Durant's motion to reopen his removal proceedings. *Id.* We explained that exercising jurisdiction would "undermin[e] the jurisdictional bar" prohibiting review of the underlying removal order. *Id.* at 115; *see also Santos–Salazar v. DOJ*, 400 F.3d 99, 103 (2d Cir.2005). We further noted that our approach to § 1252(a)(2)(C)'s jurisdictional bar in the reopening context was consistent with the approach taken by other circuits. *Id.* at 116 (citing cases).

To the extent that other circuits have exercised jurisdiction in cases similar to this one, those cases are distinguishable. In *Mickeviciute v. INS*, 327 F.3d 1159, 1163–64 & n. 4 (10th Cir.2003), for example, it was unclear which of the *Abudu* grounds the BIA had relied upon in denying the petitioner's motion to reopen. The court recognized that it might not have jurisdiction under § 309(c)(4)(E) if the BIA's denial was a merits-deciding, discretionary decision, but found that it had to exercise jurisdiction in order to remand for further explanation, in part so that it could determine whether it had jurisdiction. *Id.* at 1164 n. 4. The BIA's reasons for denying Nadolo's motion are, by contrast, undeniably clear. *Cf. Sepulveda v. Gonzales*, 407 F.3d 59, 63–64 (2d Cir.2005) (concluding under analogous jurisdiction-stripping provision of IIRIRA's permanent rules, 8 U.S.C. § 1252(a)(2)(B)(i), that jurisdiction was not barred because IJ's decisions were non-discretionary).

Similarly distinguishable are those cases in which courts have found the BIA's denial of a motion to reopen to be reviewable because they are not "under" one of § 309(c)(4)(E)'s enumerated provisions. *See, e.g., Korytnyuk v. Ashcroft*, 396 F.3d 272, 281 (3d Cir.2005) (finding decision in part because BIA expressly cited 8 C.F.R. § 3.2(c)(1),(4));[7] *Prado v. Reno*, 198 F.3d 286, 291–92 (1st Cir.1999) (BIA's denial of motion to reopen, which was based on timeliness, never reached the merits of § 245, but was rather under 8 C.F.R. § 3.2(c)(2), which establishes the 90–day period in which to file a motion to reopen); *Luis v. INS*, 196 F.3d 36, 40 (1st Cir.1999) (refraining from "discuss[ing] the issue of whether § 309(c)(4)(E) would bar review by the court of appeals had the

---

7. In *Korytnyuk,* the BIA had concluded that reopening was "not warranted as a matter of discretion in light of the determination that the respondent participated in criminal activities [in Ukraine]," and expressly cited 8 C.F.R. § 3.2(1),(4). 396 F.3d at 281 (internal quotation marks omitted). To the extent that the Third Circuit may have found that the BIA's discretionary denial of Korytnyuk's motion to reopen could not have been a "merits denial of Korytnyuk's [underlying] § 245 application," *see id.* at 281 n. 12, we disagree. As discussed above, a discretionary denial of a motion to reopen, falling in the third *Abudu* category—where the underlying relief sought lies in an enumerated provision of § 309(c)(4)(E)—may be a "merits-deciding" denial "under" that provision.

motion to reconsider been timely filed"); *Stewart v. INS,* 181 F.3d 587, 594–95 (4th Cir.1999) (BIA's denial of motion to reopen was not "under" § 245 because BIA referred to alien's failure to demonstrate "exceptional circumstances," pursuant to § 242B, which is not enumerated in § 309(c)(4)(E)). In this case, however, the BIA expressly based its decision on a discretionary assessment of Nadolo's entitlement to adjustment of status. In doing so, it removed all doubt that its decision was "under" § 245.

■ Our holding today is limited to the precise circumstances presented by Nadolo's case. As the cases cited above indicate, not all petitions will involve a record in which the BIA's denial of a motion to reopen is so obviously a "discretionary" decision "under" an enumerated provision of § 309(c)(4)(E). In those instances where the BIA's decision was non-discretionary, *Sepulveda,* 407 F.3d at 63–64, or where the grounds of the BIA's denial are unclear, *Mickeviciute,* 327 F.3d at 1163–64 & n. 4, the denial will not have been "discretionary." Where the denial is based on a procedural bar such as timeliness, which is contained in an administrative regulation, *Prado,* 198 F.3d at 291–92, or on an unenumerated statutory provision, *Stewart,* 181 F.3d at 594–95, such a denial will not have been "under" an enumerated provision, even if the motion to reopen is related to an enumerated provision. *See Luis,* 196 F.3d at 40 ("[J]ust because the motion is related to an enumerated section [does not mean § 309(c)(4)(E) necessarily applies].").

## CONCLUSION

For the foregoing reasons, we find that we lack subject matter jurisdiction to consider Nadolo's petition. The petition is accordingly DISMISSED.