**Hua CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales,\* Respondent.**

No. 03–4529.

United States Court of Appeals, Second Circuit.

July 25, 2005.

Gonzales is automatically substituted for former Attorney General John Ashcroft.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Patricia C. Hannigan, Assistant United States Attorney (Colm F. Connolly, United States Attorney, District of Delaware, on the brief), Wilmington, DE, for Respondent.

PRESENT: STRAUB, SACK, Circuit Judges, and KRAVITZ,** District Judge.

## SUMMARY ORDER

Chen, a native and citizen of the People's Republic of China, entered the United States without permission in March 1995. Chen was immediately subjected to exclusion proceedings and applied for asylum and withholding of deportation. That application was denied by Immigration Judge William A. Cassidy on June 27, 1995. No appeal was taken.

On June 21, 1999, Chen moved to reopen the proceedings in order to apply for relief under the Convention Against Torture ("CAT"), alleging that, if returned to China, she would be targeted for torture based on her Christian faith, her prior political activities, and her illegal departure from China. That motion was heard by Immigration Judge Annette Elstein ("IJ"), who, on December 6, 2000, denied the motion by written opinion. Chen timely appealed to the Board of Immigration Appeals ("BIA"), which, on March 6, 2003, affirmed the decision of the IJ without

** The Hon. Mark R. Kravitz, United States District Judge, District of Connecticut, sitting by designation.

opinion. Chen now petitions this Court, seeking review of the IJ decision. We assert jurisdiction under 8 U.S.C. § 1252(a)(4) and deny the petition.

Because the BIA affirmed without opinion the decision of the IJ, we review directly the IJ's decision. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir. 2003). In most cases we review an IJ's denial of a motion to reopen for abuse of discretion, reversing only where the "decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [IJ] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. United States DOJ,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). However, that highly deferential standard of review may not apply in this case.

"There are at least three independent grounds on which the BIA may deny a motion to reopen. First, it may hold that the movant has not established a *prima facie* case for the underlying substantive relief sought. . . . Second, the BIA may hold that the movant has not introduced previously unavailable, material evidence. . . . Third, in cases in which the ultimate grant of relief is discretionary . . . the BIA may . . . simply determine that even if [the first two requirements] were met, the movant would not be entitled to the discretionary grant of relief." *INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (internal citations omitted). Decisions made on the latter two grounds are reviewed for abuse of discretion. *Id. But see Mariuta v. Gonzales,* 411 F.3d 361, 363 (2d Cir.2005) (holding that Section 309(c)(4)(E) of the Illegal Immigration Reform and Immigrant Responsibility Act's transitional rules strips federal courts of jurisdiction to

review denials of motions to reopen based on refusals to grant discretionary relief under provisions "enumerated" in the Act). However, only the first ground is at issue here. *See* 8 C.F.R. § 208.18(b)(2) (excepting motions to reopen to consider novel CAT claims filed on or before June 21, 1999, from, *inter alia,* new evidence requirements) and 8 C.F.R. § 208.16(d)(1) ("an application for withholding of deportation or removal . . . *shall* be granted if the applicant's eligibility for withholding is established [under the CAT]." (emphasis added)).

Chen's motion to reopen was brought under 8 C.F.R. § 208.18(b)(2) and was denied by the IJ for failure to establish a *prima facie* case for CAT relief. Neither this Court nor the Supreme Court has addressed squarely the applicable standard of review for denials of motions to reopen based solely on failure to establish a *prima facie* case for non-discretionary relief. *See INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); *Abudu,* 485 U.S. at 104–05, 108 S.Ct. 904. Some of our sister courts appear to apply an abuse of discretion standard in these circumstances, *see, e.g., Shardar v. Ashcroft,* 382 F.3d 318, 325 (3d Cir.2004); *Kay v. Ashcroft,* 387 F.3d 664, 674 (7th Cir. 2004); *Al Najjar v. Ashcroft,* 257 F.3d 1262, 1302 (11th Cir.2001) (citing *Mansour v. INS,* 230 F.3d 902, 907 (7th Cir.2000)). We will not reach the issue in this case, however, because, whether reviewed for abuse of discretion or by a less deferential standard, we find no error in the IJ's denial of the motion.

"The statutory framework governing asylum proceedings does not provide for motions to reopen or reconsider, and the right to make such motions depends entirely on the administrative regulations." *Kaur v. BIA,* 413 F.3d 232 (2d Cir.2005) (internal quotation marks and citation

omitted). Chen's right to make the present motion is dependent upon 8 C.F.R. § 208.18(b)(2), which places on Chen the burden of showing that "[t]he evidence sought to be offered establishes a *prima facie* case that [her] removal must be withheld or deferred under §§ 208.16(c) or 208.17(a)." 8 C.F.R. § 208.18(b)(2)(ii). Specifically, Chen must establish a *prima facie* case demonstrating that it is more likely than not that she will be tortured on her return to China. *See* 8 C.F.R. §§ 208.16(c)(2) & 208.17(a). While it may be sufficient to base that case on her own "credible testimony," the IJ should also consider all relevant evidence tending to show that Chen will more likely than not be tortured on her return to China. 8 C.F.R. §§ 208.16(c)(2) & (3). The IJ, assessing the entire record, found that Chen failed to sustain this burden. Based upon the record before us, we find no error.

■ First, there was no error in the IJ's reference to adverse credibility findings made during Chen's asylum proceedings. While "the INS may not deny an alien's CAT claim solely on the basis of its determination that the applicant's testimony is not credible" this means only that an adverse credibility finding made in the asylum context will not "doom" a CAT claim because 8 C.F.R. § 208.16(c) requires consideration of *"all* evidence of possible torture proffered by the alien." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 184 (2d Cir.2004). It would, therefore, have been error for the IJ to ignore other evidence and to rely entirely on adverse credibility findings made in Chen's asylum hearing to deny the motion; but that is not what occurred. To the contrary, the IJ considered prior adverse credibility findings only to the extent that Chen's motion to reopen was instituted as a substitute for direct appeal or represented an "attempt to revive a previously litigated and decided issue." Far from constituting error, this use of prior credibility findings was perfectly appropriate, particularly in light of the fact that, consistent with the demands of 8 C.F.R. § 208.16(c), the IJ considered other evidence, including government reports, affidavits, letters, and news items, presented in support of the motion to reopen.

■ Second, while the evidence presented to the IJ may be read to establish some risk of harm to Chen when she is returned to China, there was no error in the IJ's finding that the evidence presented on the motion, taken as a whole, does not make out a *prima facie* showing that Chen will, more likely than not, suffer "torture," under 8 C.F.R. § 208.18(a), on her return to China. The vast majority of the evidence submitted went to show, at worst, a risk of lawful punishment, persecution on account of religion, or suppression of religious freedom and practice. The few documents that raised the specter of torture either implicated only high-level church leaders, described incidents in regions of China other than Chen's native Fujian Province, were inherently unbelievable, or attempted to relitigate issues of fact settled in the asylum decision. On even a strict standard of review, these documents fail to make out a *prima facie* CAT claim under 8 C.F.R. § 208.18(b)(2)(ii).

We have considered petitioner's remaining arguments and find each of them to be without merit. For the foregoing reasons, the petition is DENIED.