**Ji Hwa YU, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States; Board of Immigration Appeals, Respondent.**

Docket No. 02–4061–AG.

United States Court of Appeals, Second Circuit.

Sept. 22, 2005.

Henry Zhang, New York, New York, for Appellant.

Ramon E. Reyes, Jr., Assistant United States Attorney, (David N. Kelley, United States Attorney for the Southern District

of New York; Sara L. Shudofsky, Assistant United States Attorney, on the brief), New York, New York, for Appellees.

Present: JACOBS, POOLER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED in part and DISMISSED in part.

Ji Hwa Yu, a native and citizen of China, petitions this Court for review of the December 3, 2001 and the January 31, 2002 orders of the Board of Immigration Appeals ("BIA"). In its December 3, 2001 order, the BIA affirmed the immigration judge's denial of Yu's application for asylum and withholding of deportation. In its January 31, 2002 order, the BIA denied Yu's motion for reconsideration. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

■ To the extent that Yu challenges the immigration judge's underlying order denying her application for asylum and withholding of deportation and the BIA's December 3, 2001 order affirming the immigration judge's decision, this Court lacks jurisdiction because Yu failed to file a timely petition for review of the BIA's December 3, 2001 order. A petition for review of a final order of deportation must be filed within 30 days of the date of the order. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104–208, Div. C,

Title III–A, § 309(c)(4)(C), 110 Stat. 3009–546, 3009–626 (Sept. 30, 1996).* Moreover, "[a]n appeal from a final order of exclusion or deportation and an appeal from a denial of a motion to reopen or reconsider that final order involve[ ] 'two separate petitions filed to review two separate orders.'" *Zhao v. United States Dep't of Justice,* 265 F.3d 83, 89 (2d Cir. 2001) (quoting *Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)). Here, Yu has filed a timely petition for review of only the BIA's January 31, 2002 decision denying her motion for reconsideration.

■ This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Marrero Pichardo v. Ashcroft,* 374 F.3d 46, 55 (2d Cir.2004). Yu has presented no factual or legal basis in her petition for this Court to conclude that the BIA abused its discretion in denying her motion for reconsideration. The BIA did not abuse its discretion in denying Yu's motion for reconsideration because, in her motion, Yu did not address the numerous other findings regarding her credibility and alleged no factual or legal errors with respect to these findings, which supported the IJ's and the BIA's decisions. Moreover, the challenges that Yu did make to certain findings of the IJ had already been considered by both the IJ and the BIA.

■ To the extent that Yu's motion was in the nature of a motion to reopen the proceedings, the BIA did not abuse its discretion in denying the motion. First, Yu failed to provide any support for her claim that the service agency she employed acted fraudulently in filing her brief

---

* This case is governed by the IIRIRA's transitional rules because Yu was in deportation proceedings before April 1, 1997, and the final orders Yu seeks to challenge were entered more than 30 days after September 30, 1996. *See id.* § 309(c); *Mariuta v. Gonzales,* 411 F.3d 361, 363 n. 3 (2d Cir.2005). The deadline for filing a petition for review, however, would have been the same under the permanent rules as well. *See* 8 U.S.C. § 1252(b)(1).

on appeal to the BIA. Second, as the BIA correctly explained, the arguments raised in Yu's brief on appeal were not the sole bases for the IJ's adverse credibility finding. Yu failed to offer any new evidence to refute the IJ's finding that she was not credible. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material."); *Kaur v. Board of Immigration Appeals,* 413 F.3d 232, 234 (2d Cir.2005) (holding that evidence submitted for a motion to reopen must be material and state new facts that rebut the underlying finding).

For the foregoing reasons, the petition for review is DENIED to the extent that it challenges the BIA's 2002 decision, and it is DISMISSED to the extent that it challenges the BIA's 2001 decision.