**Wan Qin LU, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Bureau of Citizenship and Immigration Services, Immigration and Naturalization Service, & Alberto R. Gonzales,[1] Attorney General of the United States Respondent.**

No. 03–4729AG.

United States Court of Appeals, Second Circuit.

Oct. 31, 2005.

Nicholas J. Mundy, New York, New York, for Petitioner.

Susan W. Brooks, United States Attorney, Donna R. Eide, Assistant United States Attorney, Appellate Chief, Jill E. Zengler, Assistant United States Attorney, Office of the U.S. Attorney, Indianapolis, Indiana, for Respondent.

Present: LEVAL, KATZMANN, and WESLEY, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immi-

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

gration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is denied and the decision of the BIA be and hereby is AFFIRMED.

Wan Qin Lu, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews an IJ's factual findings under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d, 279, 287 (2d Cir.2000)).[2]

In this case, the IJ's adverse credibility determination is substantially supported by the record as a whole. The Court notes that the IJ was wrong, and the BIA was correct, about the duration of the 1990 pregnancy, because it was possible for Lu's wife to be pregnant in late January and give birth in early November. The Court also notes that the IJ did not cite examples of evasive testimony. But, even so, the IJ cited several specific details in Lu's testimony—including the fines he and his wife were made to pay, the contract his wife had to sign, and the 1995 sterilization request—that were not mentioned in his amended asylum application. The IJ also relied on inconsistencies between Lu's testimony and the documents he provided, including the sterilization certificate, thus

demonstrating that there were specific, cogent reasons for finding Lu not credible. Lu has presented no reason to believe that a reasonable factfinder would be compelled to credit his testimony, particularly in light of these inconsistencies.

Accordingly, the petition for review is denied.

2. This case is governed by the IIRIRA's transitional rules because Lu was in deportation proceedings before April 1, 1997, and the final order of deportation he is challenging was entered more than 30 days after September 30, 1996. *See* IIRIRA § 309(c); *Mariuta v. Gonzales*, 411 F.3d 361, 363 n. 3 (2d Cir. 2005). The standard of review of factual findings, however, is the same as it would be if this were a permanent rules case. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 n. 7 (2d Cir.2004) (noting that the permanent rules simply codified that standard in 8 U.S.C. § 1252(b)(4)(B)).