**Chun Feng ZHENG, Petitioner,**

v.

**DEPARTMENT OF JUSTICE, Immigration and Naturalization Service, and Alberto Gonzales,[1] Attorney General of the United States, Respondents.**

No. 03–4418–AG NAC.

United States Court of Appeals, Second Circuit.

Nov. 23, 2005.

---

1. When Zheng petitioned this Court for review, John Ashcroft was serving as Attorney General of the United States. Alberto R. Gonzales, the current Attorney General, is automatically substituted as the proper respondent pursuant to Fed. R.App. P. 43(c)(2).

Joe Zhenghong Zhou, Flushing, New York, for Appellant.

Timothy M. Burgess, United States Attorney for the District of Alaska (Susan Lindquist, Assistant United States Attorney, on the brief), Anchorage, Alaska, for Appellee.

Present: WALKER, Chief Judge, CALABRESI, and POOLER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is denied.

■ As a preliminary matter, the Government correctly argues that this Court lacks jurisdiction to consider the August 19, 2002 BIA order affirming the immigration judges's decision denying Zheng's asylum application because Zheng did not file a petition for review from the August 2002 order. *See* Illegal Immigration and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. 104–208, 110 Stat. 3009–546 § 309(c)(4)(C) (requiring that a petition for review be filed within 30 days of the final order of deportation); *Stone v. INS,* 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (holding that a petitioner is required to file a petition for review from both the final order of removal and the decision denying his motion to reconsider in order to challenge both).[2] Accordingly, this Court lacks jurisdiction to consider Zheng's claims relating to the BIA's August 2002 order.

In general, a alien who meets the eligibility requirements for an adjustment of status must file an application with the

---

**2.** This case is governed by the IIRIRA's transitional rules because Zheng was in deportation proceedings before April 1, 1997, and the final order Zheng seeks to challenge were entered more than 30 days after September 30, 1996. *See* IIRIRA § 309(E); *Mariuta v. Gonzales,* 411 F.3d 361, 363 n. 3 (2d Cir. 2005).

district director of the INS. *See* 8 C.F.R. § 245.2(a). The BIA's authority to hear applications for adjustment of status is limited to applications filed by aliens who are in deportation proceedings. *Id.* In exclusion proceedings, the IJ and the BIA typically lack jurisdiction to consider an application for adjustment of status, unless the adjustment application has been previously denied by the district director. *See* In re *Castro–Padron*, 21 I & N. Dec. 379, 1996 WL 379828 (BIA 1996).

■ The BIA correctly concluded that it could not reopen Zheng's case to allow him to apply for adjustment of status because Zheng was in exclusion proceedings, had not filed an application for adjustment with the district director.

An alien seeking to reopen proceedings based on "exceptional circumstances," such as ineffective assistance of counsel, must satisfy three procedural requirements. *See Twum v. INS.*, 411 F.3d 54, 59 (2d Cir.2005) (holding that the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988), are appropriate to screen ineffective assistance claims). Specifically, a respondent seeking relief from an order of deportation or exclusion on the basis of ineffective assistance of counsel must submit: "(1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so." *Id. Twum*, 411 F.3d at 59. "[T]hese requirements serve to deter merit less claims and to provide a basis for determining whether counsel's assistance was … ineffective." *Id.*

In this case, Zheng did not fulfill these three requirements. (Attachment of List of Exhibits to Motion to Reopen). Zheng did not file any affidavits in support of his motion to reopen. Further, there is no evidence in the record that Zheng notified his counsel of any allegations of ineffectiveness, or filed a grievance with a disciplinary board. (Zheng's Motion to Reopen & Attachment List). In his motion, Zheng relied on unsupported allegations, which fell short of the mandatory procedural requirements. Accordingly, the BIA did not abuse its discretion in denying the motion based on Zheng's claim of ineffective assistance of counsel.

Although Zheng included the issue of whether he was denied due process in his appeal to the BIA in his motion to reopen, he merely reiterated the argument that he had raised in his appeal to the BIA and this did not merit reconsideration or reopening. I don't think the problem is that Zheng offered evidence that could not have been offered earlier; his labor status had recently changed. Instead the problem, as correctly identified earlier in the order, was that the BIA could not review his status in the absence of an application to the district director.

Therefore, the BIA did not abuse its discretion in denying Zheng's motion to reopen.