**Qing Xium LIN Petitioner,**

v.

**Alberto GONZALES[1] Respondent.**

**No. 03–40059AG.**

United States Court of Appeals,
Second Circuit.

Dec. 5, 2005.

Karen Jaffe, New York, NY, for Petitioner.

Adam J. Berlin, Special Assistant U.S. Attorney, Alexandria, VA (Paul J. McNulty, United States Attorney Eastern District of Virginia, on the brief), for Respondent.

PRESENT: WALKER, Chief Judge, CALABRESI, and POOLER, Circuit Judges.

## SUMMARY ORDER

Qing Xium Lin petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ") insofar as the IJ found that Lin did not present credible testimony in support of his claim. Lin, a native and resident of the People's Republic of China, filed an application for asylum and withholding of removal. In his application, Lin stated that, he was persecuted in China because he practiced Christianity and taught the gospel to others.

Ordinarily, this Court reviews only the BIA's final decision for substantial evidence. *See, e.g., Yang v. Gonzales,* 2005 WL 2892917, (2d Cir. Nov. 3, 2005. However, when the BIA's decision affirms the IJ's holding in all respects but one, this Court will review the IJ's decision as modified by the BIA decision. *See Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). The IJ denied Lin's claims for asylum and withholding of removal because he failed to provide credible, specific, and sufficiently detailed evidence to establish that he has a well-founded fear of

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

future persecution, and that anyone in his home country is interested in arresting him, causing him harm, or taking any action against him because of his religion. Additionally, the IJ made an adverse credibility determination based on the inconsistencies in his testimony. We review factual findings under the substantial evidence standard,[2] overturning them only if a reasonable fact finder would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). An adverse credibility determination must be based on "'specific, cogent' reasons" that "bear a 'legitimate nexus'" to the finding. *Zhou Yun Zhang*, 386 F.3d at 74 (quoting *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotations omitted)). Inconsistent testimony generally bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational,

and believable. *Diallo v. Ashcroft*, 232 F.3d 279, 288 (2d Cir.2000).

An adverse credibility finding is appropriately based upon inconsistent statements, contradictory evidence, and inherently improbable testimony. *Id.* at 287–88. In this case, the IJ repeatedly asked Lin to clarify the time line from when he left the company to when he actually departed China, yet Lin was unable to give the IJ consistent answers. He gave numerous and conflicting answers regarding (1) the date he left China; (2) where he resided after he left the company, but before he left China; and (3) the month and day that he left the company.

For the foregoing reasons, the petition for review is DENIED, the BIA's July 2003 order is AFFIRMED, and the motion for a stay of removal is DENIED.

---

2. This case is governed by the IIRIRA's transitional rules because Lin was in deportation proceedings before April 1, 1997, and the final order of deportation he is challenging was entered more than 30 days after September 30, 1996. *See* IIRIRA § 309(c)(4); *Mariuta v. Gonzales*, 411 F.3d 361, 363 n. 3 (2d Cir.2005). The standard of review of factual findings, however, is the same as it would be if this were a permanent rules case. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 n. 7 (2d Cir.2004) (noting that the permanent rules simply codified that standard in 8 U.S.C. § 1252(b)(4)(B)).