**XIA CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General, Alberto R. Gonzales,\* Respondent.**

**No. 03–4324–ag.**

United States Court of Appeals, Second Circuit.

May 31, 2006.

---

\* United States Attorney General Alberto R. Gonzales is substituted as Respondent. *See* Fed. R.App. P. 43(c)(2).

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

Audrey B. Hemesath, Assistant United States Attorney (McGregor W. Scott, United States Attorney for the Eastern District of California, on the brief), Sacramento, California, for Respondent.

PRESENT: WALKER, Chief Judge, GUIDO CALABRESI, and JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Xia Chen petitions for review of a January 31, 2003, decision of the Board of Immigration Appeals ("BIA"), affirming a May 7, 2002, decision of an immigration judge ("IJ") denying petitioner's application for asylum, withholding of removal to China, and protection under Article 3 of the United Nations Convention Against Torture ("CAT").[1] Chen alleges that she was forced by Chinese authorities to undergo an abortion and that she fears returning to China as a result. The IJ made detailed adverse credibility findings with regard to Chen's testimony and, on this basis, denied her application.

This case is governed by the IIRIRA's transitional rules.[2] We review the IJ's decision under a standard of "substantial evidence," see Zhou Yun Zhang v. INS, 386 F.3d 66, 73 (2d Cir.2004), where the IJ's factual determinations "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We afford " 'particular deference to the credibility determinations of the IJ.' " Wu Biao Chen v. INS, 344 F.3d 272, 275 (2d Cir.2003) (quoting Montero v. INS, 124 F.3d 381, 386 (2d Cir.1997)). While an IJ's credibility determination will not satisfy the substantial evidence standard if it is based entirely on flawed reasoning, speculation, or conjecture, Secaida–Rosales, 331 F.3d at 307, 312, we may nonetheless affirm an adverse credibility finding even when the IJ's reasoning is deficient in certain re-

---

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, adopted and opened for signature Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85.

2. This case is governed by the IIRIRA's transitional rules because Chen was in deportation proceedings before April 1, 1997, and the final order of deportation she is challenging was entered more than 30 days after Septem-

ber 30, 1996. See IIRIRA § 309(c); Mariuta v. Gonzales, 411 F.3d 361, 363 n. 3 (2d Cir. 2005). The standard of review of factual findings, however, is the same as it would be if this were a permanent rules case. See Zhou Yun Zhang v. INS, 386 F.3d 66, 73 n. 7 (2d Cir.2004) (noting that the permanent rules simply codify that standard in 8 U.S.C. § 1252(b)(4)(B)).

spects, provided that the IJ's disposition is supported by substantial evidence in the record, *see Wu Biao Chen,* 344 F.3d at 275, and we are confident that the same conclusion would be reached upon remand absent the errors in the IJ's analysis, *see Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006); *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005).

In the present case, the IJ's adverse credibility determinations were based on multiple instances of purported inconsistencies and implausibilities in the evidence that Xia Chen presented. The IJ did not adequately support his conclusion that Xia Chen's testimony was implausible, and one of the inconsistencies identified by the IJ was not, in fact, an inconsistency at all. Notwithstanding these flaws, we hold that the record, when taken as a whole, supports the IJ's adverse credibility finding. In addition to the errors noted above, the IJ's decision was based on several actual inconsistencies in the record as well as the witnesses' demeanor. Thus the numerous grounds relied upon in the IJ's decision that are supported by the record enable us to " 'confidently predict' " that the IJ would render the same decision in the absence of the errors. *Xiao Ji Chen,* 434 F.3d at 162 (quoting *Cao He Lin,* 428 F.3d at 395). Because we determine that the IJ's adverse credibility finding is supported by the record, we deny the petition for review with respect to Chen's asylum and withholding of removal claims.

With respect to Chen's CAT claim, she must establish that it is more likely than not that she would be tortured if removed to the proposed country of removal. *See* 8 C.F.R. § 208.16(c)(2). We explained in *Ramsameachire* that a "CAT claim lacks a subjective element, focuses broadly on torture without regard for the reasons for that treatment, and requires a showing with respect to future, rather than past,

treatment." *Ramsameachire,* 357 F.3d at 185 (citing 8 C.F.R. § 208.16(c)(3), (4)). It "therefore must always be considered independently of the resolution of the alien's claims under the INA." *Id.* However, "where, as here, the applicant relies largely on testimonial evidence to establish her CAT claim, and does not independently establish a probability of torture apart from her stated fear, an adverse credibility finding regarding that testimonial evidence may provide a sufficient basis for denial" of CAT relief. *Xiao Ji Chen,* 434 F.3d at 163. We thus also deny the petition for review with respect to the claim for relief under the CAT.

For the reasons set forth above, the petition for review is **DENIED**.