Rochelle **PAULA**, Candine Essie, Caniesha Kimolyo, all surnamed Marsh, represented in this action by their mother and natural guardian, Paulette Polson–O'Meally, Petitioners,

v.

Alberto R. **GONZALES**, in his capacity as Attorney General, USA, Respondents.

No. 04–2786–ag.

United States Court of Appeals, Second Circuit.

Sept. 8, 2006.

Ephraim Tahir Mella, Philadelphia, PA, for Petitioners.

Serrin Turner, Assistant United States Attorney, (Michael J. Garcia, United States Attorney, and Sarah Sudofsky, Assistant United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, N.Y. for Respondents.

PRESENT: JOSEPH M. McLAUGHLIN, JOSÉ A. CABRANES, ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Paulette Polson–O'Meally, a native and citizen of Jamaica, seeks review of a decision of the Board of Immigration Appeals ("BIA") affirming an order by Immigration Judge ("IJ") Joanna Miller Bukzspan that denied as untimely petitioner's motion to reopen her deportation proceedings. *See In re Paulette G. Polson,* No. A 73–668–978 (B.I.A. Apr. 21, 2004), *aff'g* No. A 73–668–978 (Immig. Ct. N.Y. City July 8, 2002).

Petitioner entered the United States on or about January 26, 1991 on a six-month visa. Petitioner over-stayed her visa and, on July 24, 1995, filed an application for asylum and withholding of removal on behalf of herself and her four children. She subsequently withdrew her application for asylum and withholding and agreed to voluntary departure subject to an alternate order of deportation in the event she did not depart the United States by May 18, 1996. *See In re Paulette Polson,* No. A 73–668–978 (Immig. Ct. N.Y. City Jan. 18,

1996). Petitioner failed to depart voluntarily, and an order of deportation was entered *in absentia.* On May 17, 2002, she filed the motion to reopen giving rise to the instant appeal.

Petitioner claims on appeal that the BIA erred (1) in rejecting her argument that her motion should not have been time-barred because of alleged "changed circumstances" (*i.e.,* her marriage to a U.S. citizen and the birth of her three U.S.-born children); and (2) in finding that, even notwithstanding timeliness considerations, petitioner would not be entitled to a discretionary grant of an adjustment in status.

We review "the BIA's denial of a motion to reopen or reconsider for abuse of discretion." *Chen v. Gonzales,* 436 F.3d 76, 77 (2d Cir.2006). An abuse of discretion exists "in those circumstances where the [BIA]'s decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (citations omitted). Moreover, we lack jurisdiction to review the discretionary denial of an adjustment of status. *See Drax v. Reno,* 338 F.3d 98, 113 (2d Cir.2003) ("[A]n adjustment of status ... is entirely discretionary.... [E]ven where an alien satisfies the statutory requirements of eligibility for an adjustment of status ... the INS has discretion ... to deny the application.") (quotations and internal citations omitted).

■ We find petitioner's claim that the IJ abused her discretion by denying petitioner's motion as untimely to be without merit. "A motion to reopen deportation or exclusion proceedings ... must be filed no later than 90 days after the date on which the final administrative decision was rendered." *See* 8 C.F.R § 1003.2(c)(2). A deportation order becomes final "upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken[,] whichever occurs first," 8 C.F.R. § 1003.39. Because petitioner waived her appeal of the IJ's order on January 18, 1996, the final date upon which she could have filed a timely motion to reopen to adjust her status was April 17, 1996. Petitioner filed her motion on May 17, 2002, more than six years after the agency deadline.

■ We also find to be without merit petitioner's argument that the birth of her U.S.-born children, her marriage to a U.S. citizen, and her husband's obtaining of an immediate relative petition constituted "changed circumstances" under 8 C.F.R. § 1003.2(c)(3)(ii) (stating that time limitations do not apply when there are "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered"). In light of § 1003.2(c)(3)(ii)'s particular focus on "the country of *nationality* or ... the country *to which deportation has been ordered,*" *id.* (emphasis added), we have held that neither marriage to U.S. citizens nor the birth of U.S.-born children constitutes "changed circumstances" necessitating the grant of an untimely motion to reopen proceedings. *See, e.g., Wang v. BIA,* 437 F.3d 270, 274 (2d Cir.2006) ("It would be ironic, indeed, if petitioners like Wang, who have remained in the United States illegally following an order of deportation, were permitted to have a second and third bite at the apple simply because they managed to marry and have children while evading authorities. This apparent gaming of the system in an effort to avoid deportation is not tolerated by the existing regulatory scheme."); *see also Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130 (2d Cir.2005). Accordingly, petitioner did not

allege circumstances before the IJ that would qualify her for an exception to the timelinesss requirements set forth under 8 C.F.R. § 1003.2(c)(3)(ii).

■ Further, the BIA properly concluded as an alternative basis for its decision that a favorable exercise of discretion allowing an adjustment in petitioner's status was not warranted. It is well settled that "the BIA may, in cases in which the ultimate grant of relief is discretionary, such as adjustment of status, simply determine that even if [the threshold requirements for relief] were met, the movant would not be entitled to the discretionary grant of relief." *Mariuta v. Gonzales*, 411 F.3d 361, 364 (2d Cir.2005) (quoting *INS v. Abudu*, 485 U.S. 94, 105, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (internal quotation marks omitted)). Here, the BIA determined that petitioner would not be entitled to an adjustment of status even independent of timeliness considerations. Because such determinations fall firmly within the agency's discretion, we lack jurisdiction to review them on appeal. *See Rodriguez v. Gonzales*, 451 F.3d 60, 62 (2d Cir.2006) ("[W]e have no jurisdiction to review the IJ's discretionary determinations concerning either cancellation of removal or adjustment of status."). Accordingly, petitioner's challenge to the agency's decision not to exercise favorable discretion over her claims is unavailing.

We have considered petitioner's remaining claims and find them to be without merit. Accordingly, the petition for review is hereby **DENIED**.