Carlos Ariel **RAMIREZ,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General of the United States, Respondent.

No. 06–3670–ag.

United States Court of Appeals, Second Circuit.

June 18, 2007.

Earl Ian Laidlow, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Michael P. Lindemann, Assistant Director, Alison Marie Igoe, Senior Litigation Counsel, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Carlos Ariel Ramirez, a citizen of Colombia, seeks review of a July 12, 2006 order of the BIA affirming the March 11, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying his applications for cancellation of removal, asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and denying his motion to remand. *In re Carlos Ariel Ramirez*, No. A97 160 529 (B.I.A. July 12, 2006), *aff'g* No. A97 160 529 (Immig. Ct. N.Y. City Mar. 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Having reviewed the record and the arguments raised in Ramirez's brief to this Court, we conclude that we lack jurisdiction over his petition for review.

## A. *Cancellation of Removal*

██ The IJ denied Ramirez's application for cancellation of removal based solely on a discretionary determination that he failed to establish that his removal would result in "exceptional and extremely unusual hardship" to his U.S. citizen daughter. *See* 8 U.S.C. § 1229b(b)(D). Accordingly, our review of this application is proscribed by 8 U.S.C. § 1252(a)(2)(B)(i), which provides that "no court shall have jurisdiction to review ... any judgment regarding the granting of relief" under several discretionary provisions of the INA, including cancellation. *See Lewis v. Gonzales,* 481 F.3d 125, 131–32 (2d Cir.2007); cf. *Sepulveda v. Gonzales,* 407 F.3d 59, 62–64 (2d Cir.2005).

Notwithstanding this limitation, we retain jurisdiction to review constitutional claims and "questions of law." *See* 8 U.S.C. § 1252(a)(2)(D). To determine whether a petitioner raises a constitutional claim or question of law, we "examine the precise arguments of the petition," mindful that such questions are not implicated when the petitioner "essentially disputes the correctness of the IJ's fact-finding or the wisdom of his exercise of discretion." *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 328–29 (2d Cir.2006). Here, Ramirez's primary argument is that the IJ committed legal error and denied him due process by failing to cite *Matter of Recinas,* 23 I.N. Dec. 467 (BIA 2002), or to consider the "legal factors" outlined in that case when "determin[ing] the exceptional and extremely unusual hardship suffered by [his] child." In addition, he asserts that, by acknowledging *Recinas* but failing to reach the same conclusion, the BIA failed to "follow [its] own procedures." In *Xiao Ji Chen,* 471 F.3d at 329, we acknowledged that a discretionary decision might be reviewable when a petitioner argues that it was "made without rational justification or based on a legally erroneous standard." At the same time, however, we may not review the "*manner* in which discretion was exercised," and a "petitioner cannot overcome this deficiency and secure review by using the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-fining or the exercise of discretion." *Id.* at 329–30 & n. 7 (emphasis in original) (internal citations omitted).

Ramirez has not, in fact, illustrated legal error in the IJ's failure to cite *Recinas,* 23 I. & N. Dec. 467, as that case did not articulate a different standard for evaluating "exceptional and extremely unusual hardship" than *Matter of Monreal,* 23 I. & N. Dec. 56 (BIA 2001), and the IJ acknowledged that under the latter case, an alien was not required to show "unconscionable" hardship.[1] The record does not suggest that either the IJ or BIA did, in fact, require Ramirez to show "unconscionable" hardship to his daughter, and notwithstanding how his arguments are framed, they appear to be, in essence, challenges to the IJ's discretionary determinations of how to weigh the evidence. Accordingly, they are not reviewable. *See Lewis,* 481

---

1. In *Monreal,* 23 I. & N. Dec. 56, the BIA found that to establish "exceptional and extremely unusual hardship," an alien was required to show that the qualifying relative would suffer hardship substantially beyond that which would normally result from deportation. In *Recinas,* 23 I. & N. Dec. at 470, the BIA qualified, but did not alter, this requirement, noting that it was "not so restrictive that only a handful of applicants ... will qualify for relief." At the same time, however, the BIA emphasized that *Monreal,* 23 I. & N. Dec. 56, and *Matter of Andazola,* 23 I. & N. Dec. 319 (BIA 2002)—both of which the IJ cited in her decision here—remained the "seminal interpretations of the meaning of 'exceptional and extremely unusual hardship.'" *Recinas,* 23 I. & N. Dec. at 472–73.

F.3d at 131–32; *Xiao Ji Chen,* 471 F.3d at 329–30.

Moreover, Ramirez cannot overcome the jurisdictional bar to our review of his cancellation application through a collateral challenge to the BIA's denial of his motion to remand. *See Mariuta v. Gonzales,* 411 F.3d 361, 365–66 (2d Cir.2005) (finding the denial of a motion unreviewable where the denial of the underlying, discretionary form of relief was unreviewable, because "the denial of the motion was based on the same, merits-deciding, discretionary grounds as the denial of the underlying application"). Although Ramirez's motion to remand was nominally based on his daughter's changed circumstances and changed country conditions, he did not provide any evidence of either, and his challenges to the BIA's denial of the motion relate only to the underlying exercise of discretion. Therefore, the petition for review is dismissed as to Ramirez's cancellation application. *See id.* at 366–67; *Lewis,* 481 F.3d at 131–32.

## B. *Asylum, Withholding, and CAT Relief*

■ Review of Ramirez's asylum application[2] is barred by 8 U.S.C. § 1158(a)(3), which deprives us of jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Although we also retain jurisdiction to review constitutional claims and questions of law in this context, *see* 8 U.S.C. § 1252(a)(2)(D), Ramirez does not challenge the IJ's finding that his asylum application was time-barred to any extent; this claim is therefore dismissed.

■ The timing and jurisdictional bars do not apply to Ramirez's applications for withholding of removal and CAT relief. *See Xiao Ji Chen,* 471 F.3d at 332. The IJ's denial of these claims is, nevertheless, unreviewable, because Ramirez failed to exhaust his administrative remedies by challenging those denials before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 117–19 (2d Cir.2006). Although his brief to the BIA contained a single sentence alleging that the IJ erred in denying his applications for withholding and CAT relief, he did not identify or illustrate this error anywhere in that brief. His failure to present a meaningful challenge, "or to identify, even by implication, any error in the IJ's ruling" on his withholding and CAT claims before the BIA bars our own review of these claims, which we likewise dismiss. *Karaj,* 462 F.3d at 119–21.

For the foregoing reasons, the petition for review is DISMISSED. The pending motion for a stay of removal in this petition is DISMISSED as moot.

---

2. It is not clear to what extent Ramirez is challenging the denial of asylum in his petition for review. We note that, although he withdrew his asylum application before the IJ at a master calendar hearing, both the IJ and BIA specifically addressed that claim in their decisions. Because we would lack jurisdiction regardless of whether we considered the claim withdrawn or time-barred, we address it for purposes of completeness.