**CHU YING KWAO, Petitioner,**

v.

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE,**
**Respondent.**

No.  04–4747–ag.

United States Court of Appeals,
Second Circuit.

Nov. 28, 2007.

Chun W. Wong, New York, N.Y., for Petitioner.

Kirti Vaidya Reddy, Assistant United States Attorney, for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Respondent.

## SUMMARY ORDER

Petitioner Chu Ying Kwao appeals from an August 16, 2004 decision of the BIA, affirming Immigration Judge ("IJ") William F. Jankun's decision to deny her motion to reopen for adjustment of status. *See In re Chu Ying Kwao,* No. A72–798–606 (B.I.A. Aug. 16, 2004), *aff'g* No. A72–798–606 (Immig. Ct. N.Y. City Jan. 27, 2003). We assume the parties' familiarity with the relevant procedural history, facts, and issue on appeal.

In this case, the BIA did not affirm or adopt the IJ's decision. Instead, it made its own, independent ruling. Accordingly, we review the decision of the BIA alone. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). When reviewing the BIA's denial of a motion to reopen, we review the BIA's conclusions of law *de novo,* and "where the BIA has applied the correct law, we review its decision to deny reopening for abuse of discretion." *Iouri v. Ashcroft,* 487 F.3d 76, 83 (2d Cir.2007).

The BIA's apparent basis for its decision was its finding that Kwao failed to establish a prima facie case of eligibility for adjustment of status, as required to reopen her immigration proceedings, because she did not provide sufficient evidence of the bona fides of her marriage. This decision was erroneous as a matter of law and therefore outside the bounds of permissible discretion. In support of her motion, Kwao submitted a copy of her Marriage Certificate and the Approval Notice of the I–130 Petition filed by her husband (a U.S. citizen). Moreover, the record before the BIA contained a statement from the Immigration and Naturalization Service indicating that it did not oppose Kwao's motion to reopen because her evidence established prima facie eligibility for adjustment of status. The BIA gave no indication that it considered the Service's position or the other documentation of Kwao's marriage. Failure to consider material evidence in the record is ground for remand. *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

Nor can we conclude that remand in this case would be futile. Although the BIA noted that the petitioner "waited more than 4 years after her marriage and the approval of the [I–130] visa petition before seeking reopening" and that her failure to depart voluntarily "militates against a favorable exercise of discretion," it did not seem to decide the case on these grounds.[1] And we are not sure that on remand, after considering Petitioner's full account, the BIA would decide that she does not merit a discretionary grant of relief. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 107 (2d Cir.2006).

---

1. Accordingly, section 306(a)(2) of the Illegal Immigration Reform and Immigrant Responsibility Act, Pub. L. No. 104–208, Div. C., Title III–A, 110 Stat. 3009 (1996) (codified at 8 U.S.C. § 1252(a)(2)(B)(i)) (stating that denials of discretionary relief "under" 8 U.S.C. § 1255 are not subject to judicial review) does not deprive us of jurisdiction to review this petition. *See Mariuta v. Gonzales,* 411 F.3d 361, 364 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED, the order of the BIA is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order. The USCIS's motion for dismissal of the petition or summary affirmance is DISMISSED as moot. The petitioner's pending motion for stay of removal is also DISMISSED as moot.