**Fu Min ZHU, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS Respondent.**

No. 04–3340–AG.

United States Court of Appeals, Second Circuit.

Feb. 2, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Michelle G. Tapken, Acting United States Attorney for the District of South Dakota (Scott A. Roetzel, Assistant United States Attorney, on the brief), Rapid City, South Dakota, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. DENNIS JACOBS, and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND

DECREED, that the petition for review be DENIED.

Fu Min Zhu, a native and citizen of China, petitions this Court for review of a decision of the Board of Immigration Appeals ("BIA"). The BIA denied Zhu's motion for reconsideration of its decision dismissing as untimely his appeal of a decision of an immigration judge ("IJ") denying his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

As a preliminary matter, this case is governed by the Illegal Immigration Reform and Immigration Responsibility Act's ("IIRIRA") transitional rules because Zhu was in deportation proceedings before April 1, 1997, and the final order of deportation he is challenging was entered more than thirty days after September 30, 1996. *See* IIRIRA § 309(c); *Mariuta v. Gonzales,* 411 F.3d 361, 363 n. 3 (2d Cir.2005). Under the transitional rules, the deadline for filing a petition for review of a final order of deportation is thirty days. *See* IIRIRA § 309(c)(4)(c). Thus, Zhu's present petition was timely filed only as to the BIA's order denying reconsideration. *See Malvoisin v. INS,* 268 F.3d 74 (2d Cir. 2001).

This Court reviews the BIA's denial of a motion for reconsideration for abuse of discretion. *See Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *See Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005) (per curiam).

This Court has held that "[e]quitable tolling requires a party to pass with reasonable diligence through the period it seeks to have tolled." *See Iavorski v. U.S. I.N.S.,* 232 F.3d 124, 134 (2d Cir.2000). Where fraud or concealment inhibits timely filing, equitable tolling of a statute of limitation is permitted until the fraud or concealment is, or should have been, discovered by a reasonable person in the situation. *Id.* If Zhu had been maintaining regular contact with the agency he had retained to handle his appeal, he should have discovered the agency's misconduct at an earlier date, not eight months after the agency's disbandment. Since Zhu had not provided a plausible explanation for the six and one half year delay in filing his appeal, the BIA did not abuse its discretion in finding that Zhu had failed to exercise due diligence in preserving his appeal, *see id.* at 134, and the motion to reconsider was properly denied, *see Kaur,* 413 F.3d at 233.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any pending motion for a stay of removal in this proceeding is DENIED. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).