SUMMARY ORDER

Petitioner Fu Min Zhu, a native and citizen of the People’s Republic of China, seeks review of the August 8, 2008 order of the BIA denying his motion to reopen.[2] In re Fu Min Zhu, No. A70 698 687 (B.I.A. Aug. 8, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case. We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005).
In certain cases, the filing deadlines applicable to motions before the agency may be tolled to accommodate claims of ineffective assistance of counsel, so long as the alien exercised “due diligence” in vindicating his or her rights. See Jin Bo Zhao v. INS, 452 F.3d 154, 156-57 (2d Cir.2006). Zhu’s May 2008 motion before the BIA sought permission to file an untimely appeal from the IJ’s February 1997 decision denying his application for asylum and withholding of deportation. We find no abuse of discretion in the BIA’s conclusion that Zhu did not exercise sufficient due diligence in pursuing his case to warrant equitable tolling of the filing deadline.
In a petition for review of a prior BIA decision involving Zhu’s case, we determined that the BIA did not abuse its discretion in concluding that he failed to exercise due diligence in pursuing his claims during the eight month period between the closing of his non-attorney representative’s office in March 2003 and the filing of his original motion to accept the untimely appeal in November 2003. Fu Min Zhu v. BIA, 164 Fed.Appx. 179, 180 (2d Cir.2006). Pursuant to the “law of the case doctrine,” we would decline to revisit that decision “absent ‘cogent’ and ‘compelling’ reasons” to do so. Peter Conrad Ali v. Mukasey, 529 F.3d 478, 490 (2d Cir.2008) (citation omitted). Even assuming Zhu could provide such reasons, however, his petition would still fail.
The BIA reasonably concluded that Zhu did not exercise due diligence during the period between our denial of his prior petition for review in February 2006 and the filing of the instant motion in May 2008. See Rashid v. Mukasey, 533 F.3d 127, 132-33 (2d Cir.2008). As the BIA observed, Zhu did not deny that he knew of our decision, and he offered no explanation as to why he waited until October 2007 to hire his current attorney to attempt to persuade counsel for the Department of Homeland Security (“DHS”) to file a joint motion before the BIA. Moreover, as the BIA found, Zhu did not explain why he waited until May 2008 to file *82 his own motion when DHS counsel declined his request in January 2008. Given these findings, which Zhu does not specifically challenge, we conclude that the BIA’s denial of his motion was not an abuse of discretion. Cfi id. (upholding the BIA’s finding of no “due diligence” where petitioner knew of the agency’s July 2005 decision adverse to his claim, but did not consult with a new attorney until September 2006). Because this conclusion alone is dispositive, it is unnecessary to consider any of Zhu’s remaining arguments.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. The BIA properly construed Zhu's “Motion for Leave to File Appeal by Certification” as a motion to reopen. See Jie Chen v. Gonzales, 436 F.3d 76, 78-79 (2d Cir.2006) (noting that the BIA must construe motions not just on their captions but also on their substance).