Qing Ri LIN, Petitioner,

v.

UNITED STATES IMMIGRATION
AND NATURALIZATION
SERVICE, Respondent.

No. 02–4250–AG.

United States Court of Appeals,
Second Circuit.

April 18, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

John C. Richter, United States Attorney for the Western District of Oklahoma, Kay Sewell, Assistant United States Attorney, Oklahoma City, Oklahoma, for Respondent.

PRESENT: THOMAS J. MESKILL, GUIDO CALABRESI, and ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Qing Ri Lin, a citizen of China, through counsel, petitions for review of: (1) an order of the BIA dated May 31, 2002, affirming a decision of an immigration judge ("IJ"), rejecting Lin's application for asylum and withholding of deportation; and (2) an order of the BIA dated December 19, 2002, denying Lin's motion to reopen. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Regarding the May 31, 2002 order, when, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision rather than that of the BIA. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005).[1]

This Court has held that "it is appropriate for [IJs] to play an affirmative role in developing, along with the parties, a complete and accurate record on which to decide an applicant's asylum claims." *Ming Shi Xue v. BIA*, 439 F.3d 111, 118 (2d Cir.2006). Consistent with that role, IJs are to "give petitioners a chance to respond to the adjudicator's concerns about missing or inconsistent evidence or testimony." *Id.* at 119. This Court has further held that "inconsistencies that are 'dramatic'—that is, sufficiently conspicuous and central to the applicant's claim as to be self-evident—need not be affirmatively announced. . . ." *Id.* at 114 (quoting *Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005)).

■ In the present case, the IJ concluded that Lin was not credible and therefore denied his application for asylum and withholding of removal. Of the discrepancies discussed by the IJ to support the credibility ruling, some were expressly raised

during petitioner's hearing; some were "sufficiently conspicuous and central to the applicant's claim as to be self-evident," *Ming Shi Xue*, 439 F.3d at 114; and some were explicitly identified by the government during its closing argument, but were never addressed by petitioner in his closing statement. We therefore conclude that the IJ's adverse credibility determination was supported by substantial evidence.

Turning to Lin's motion to reopen, this Court reviews the BIA's denial of such a motion for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34. "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1) (2005); *Kaur*, 413 F.3d at 234.

■ In support of his motion to reopen, Lin offered only the notarial birth certificates for himself and his family, as well as his notarial marriage certificate. It does not appear, nor does Lin claim, that the

---

1. Prior to enactment of the REAL ID Act of 2005, this case would have been governed entirely by the IIRIRA's transitional rules because Lin was in deportation proceedings before April 1, 1997, and the final order of deportation he is challenging was entered more than 30 days after September 30, 1996. *See* IIRIRA § 309(c); *Mariuta v. Gonzales*, 411 F.3d 361, 363 n. 3 (2d Cir.2005). However, section 106(d) of the REAL ID Act, 119 Stat. 311, appears to require that this Court treat the case as if it had been filed under the IIRIRA's permanent rules (as amended by the

REAL ID Act). *See Paripovic v. Gonzales*, 418 F.3d 240, 243 (3rd Cir.2005); *Elia v. Gonzales*, 431 F.3d 268, 272–73 (6th Cir.2005); *Sotelo v. Gonzales*, 430 F.3d 968, 970 (9th Cir.2005). Although this Court has not yet interpreted section 106(d), it need not do so in this case because the standard of review of factual findings is the same under both the permanent and transitional rules. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 n. 7 (2d Cir.2004) (noting that the permanent rules simply codified the standard that was already applicable in transitional rules cases).

evidence he sought to offer was not available and could not have been discovered or presented at the former hearing. Thus, the BIA did not abuse its discretion in denying Lin's motion.

The petitions for review are therefore DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).