**Golam Rabbee CHOWDHURY,
Petitioner,**

v.

**Alberto GONZALES, Attorney General
of the United States, Respondent.**

No. 05–1530–ag.

United States Court of Appeals,
Second Circuit.

Jan. 12, 2007.

Visuvanathan Rudrakumaran, New York, NY, for Petitioner.

Erin Nealy Cox, Assistant United States Attorney (Richard B. Roper, United States Attorney for the Northern District of Texas, on the brief), United States Attorney's Office for the Northern District of Texas, Dallas, TX, for Respondent.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES, Circuit Judges, and EDWARD R. KORMAN, Chief District Judge.*

**SUMMARY ORDER**

Petitioner Golam Rabbee Chowdhury petitions for review of a decision of the BIA denying his motion to reopen. We assume the parties' familiarity with the facts, the issues on appeal and the procedural history.

We review denial of a motion to reopen for abuse of discretion. *See Chen v. Gonzales,* 436 F.3d 76, 77 (2d Cir.2006); *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). We conclude that the BIA did not abuse its discretion in denying petitioner's motion to reopen as untimely. A motion to reopen in any case previously the subject of a final decision by the BIA must be filed no later than ninety days after the date of the BIA's decision, except in circumstances not relevant to petitioner. *See* 8 C.F.R. §§ 1003.2(c)(2)–(c)(3). Yet petitioner's motion was filed more than a year after the BIA decision that he sought to reopen, and petitioner failed to introduce evidence into the administrative record before the BIA that he exercised *diligence* sufficient to support equitable tolling of the ninety-day limitations period set forth in 8 C.F.R. § 1003.2(c)(2). *See Iavorski v. INS,* 232 F.3d 124, 134 (2d Cir.2000).

Further, the BIA properly concluded as an alternative basis for its decision that a

* The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

favorable exercise of discretion allowing an adjustment in petitioner's status was not warranted. It is well settled that, where an alien is seeking to reopen removal proceedings, "the BIA may, 'in cases in which the ultimate grant of relief is discretionary,' such as adjustment of status, 'simply determine that even if [the first two requirements for granting a motion to reopen] were met, the movant would not be entitled to the discretionary grant of relief.'" *Mariuta v. Gonzales,* 411 F.3d 361, 364 (2d Cir.2005) (quoting *INS v. Abudu,* 485 U.S. 94, 105, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)). Here, the BIA determined that even if it reached the merits of petitioner's application for adjustment of status, petitioner would not be entitled to relief. Because such determinations fall firmly within the agency's discretion, we lack jurisdiction to review them on appeal. *See Mariuta,* 411 F.3d at 364–65; *see also Rodriguez v. Gonzales,* 451 F.3d 60, 62 (2d Cir.2006) ("[W]e have no jurisdiction to review the IJ's discretionary determinations concerning either cancellation of removal or adjustment of status....."). Accordingly, petitioner's challenge to the BIA's decision not to exercise favorable discretion over his claims is unavailing.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.