**LI ZHEN FENG, a.k.a. Zhengfeng Li, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–0666–ag.

United States Court of Appeals, Second Circuit.

Oct. 16, 2008.

Edward J. Cuccia, Ferro & Cuccia, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Richard M. Evans, Assistant Director, Paul Fiorino, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Li Zhen Feng, a native and citizen of the People's Republic of China, seeks review of a January 11, 2008 order of the BIA denying his motion to reopen his removal proceedings. *In re Li Zhen Feng*, No. A72 777 802 (B.I.A. Jan. 11, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

 As an initial matter, we do not have jurisdiction to consider the BIA's decision not to reopen Feng's proceedings *sua sponte* because such a decision is "entirely discretionary." *Azmond Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006); *Mariuta v. Gonzales*, 411 F.3d 361, 365 (2d Cir.2005). Moreover, we conclude that the BIA did not abuse its discretion in finding that Feng failed to establish changed circumstances warranting the reopening of his removal proceedings.

An individual must file a motion to reopen within ninety days of the issuance of a final administrative order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). This limitation, however, does not apply when the motion to reopen is filed in order to apply for asylum or withholding of removal based on changed circumstances arising in his country of nationality, if the evidence submitted is material and was unavailable and undiscoverable at the time of his hearing before the IJ. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Here, it is undisputed that Feng's motion to reopen was

untimely. Feng argues that the BIA nevertheless abused its discretion when it concluded that the Lianjiang County Donghu Town Standard Policy for Married Couples did not establish changed circumstances in China. As the BIA concluded, however, this was the only evidence Feng submitted relevant to his changed circumstances argument, and it is insufficient to show "changed circumstances" as required by 8 C.F.R. § 1003.2(c)(3)(ii) where it is undated. Accordingly, we cannot conclude that the BIA erred in denying Feng's motion.

For the foregoing reasons, the petition for review is DENIED.