**JIE CHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,[1] Respondent.**

**No. 08–2154–ag.**

United States Court of Appeals, Second Circuit.

June 23, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

John Chang, New York, NY, for Petitioner.

Michael F. Hertz, Acting Asst. Atty. General; Thomas B. Fatouros, Senior Litigation Counsel; Karen Y. Stewart, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Jie Chen, a native and citizen of the People's Republic of China, seeks review of the April 17, 2008 order of the BIA, affirming the July 6, 2006 decision of Immigration Judge ("IJ") Jeffrey S. Chase, which denied his motions to rescind and reopen. *In re Jie Chen*, No. A73 544 015 (B.I.A. Apr. 17, 2008), *aff'g* No. A73 544 015 (Immig. Ct. N.Y. City July 6, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, motions to reopen *in absentia* deportation orders are governed by different rules depending on whether the movant seeks to rescind the order or present new evidence. *See Song Jin Wu v. INS*, 436 F.3d 157, 163 (2d Cir.2006); *In re M–S–*, 22 I. & N. Dec. 349, 353–55 (BIA 1998) (en banc). Accordingly, where, as here, an alien files a motion that seeks both rescission of an *in absentia* removal order, as well as reopening of removal proceedings based on new evidence, we treat the motion as comprising distinct motions to rescind and to reopen. *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir.2006); *see also Maghradze v. Gonzales*, 462 F.3d 150, 152 n. 1 (2d Cir. 2006).

Where the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review the denial of a motion to rescind an *in absentia* removal order under the same abuse of discretion standard applicable to motions to reopen. *See Alrefae*, 471 F.3d at 357; *see also Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). We review *de novo* questions of law and the application of law to undisputed fact, but give "substantial deference to BIA decisions interpreting immigration regulations, unless an interpretation is plainly erroneous or inconsistent with the regulation." *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110–11 (2d Cir. 2008) (internal quotation marks and citations omitted).

### A. Motion to Rescind.

The agency's regulations provide that "[a]n order entered in absentia in deportation proceedings may be rescinded only upon a motion to reopen filed . . . [a]t any time if the alien demonstrates that he or she did not receive notice." 8 C.F.R. § 1003.23(b)(4)(iii)(A). Where a regulation, such as 8 C.F.R. § 1003.23(b)(4)(iii)(A), "requires that under certain circumstances a motion to reopen be denied, but does not specify the conditions under which it *shall* be granted," the agency's decision to grant or deny such motion is discretionary. *INS v. Doherty*, 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992).

Chen does not contest the BIA's conclusion that, under 8 C.F.R. § 1003.23(b)(4)(iii)(A), the IJ had discretion to deny his motion to rescind; nevertheless, he argues that the agency abused its discretion by requiring him to demonstrate that he had exercised due diligence in pursuing rescission of the IJ's *in absen-*

*tia* deportation order where his motion to rescind was timely. Chen suggests that, under the agency's regulations, he was permitted to file his motion to rescind at any time regardless of when he discovered that the IJ had ordered him deported *in absentia.*

■ Assuming that Chen's motion to rescind was timely,[2] the agency did not err in considering Chen's failure to exercise due diligence in pursuing rescission where, after his discovery of the IJ's *in absentia* deportation order, he waited two years and eight months until his wife was pregnant with their second child to file a motion seeking rescission of that order. Chen's contention that the agency may never consider whether a movant exercised due diligence in pursuing rescission where the movant did not receive notice of a hearing would permit aliens seeking rescission of *in absentia* deportation orders to delay filing their motions to rescind indefinitely until they were able to establish eligibility for relief from deportation. Such construction would not serve the agency's interest in finality, which the U.S. Supreme Court has recognized as important in the immigration context. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156 (2d Cir.2008) (citing *Doherty,* 502 U.S. at 323, 112 S.Ct. 719 and *INS v. Abudu,* 485 U.S. 94, 107–08, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)). Furthermore, we have held that such "gaming of the system in an effort to avoid deportation is not tolerated by the existing regulatory scheme." *Wei Guang Wang v. BIA,* 437 F.3d 270, 273–74 (2d Cir.2006) (noting that "it would be ironic, indeed, if petitioners ... who have remained in the United States illegally following an order of deportation, were permitted to have a second and third bite at the apple simply because they managed to marry and have children while evading authorities."); *see also Yuen Jin,* 538 F.3d at 156 (declining to accept petitioners' construction of an agency regulation that "would permit aliens to file a new asylum application at any time, virtually without restriction, undermining significantly the finality of immigration proceedings").

Moreover, in this case, the agency's construction strikes a balance between its interest in finality and an alien's interest in presenting claims for relief from deportation, permitting an alien to move to rescind an *in absentia* order for lack of notice at any time while allowing the agency to consider whether the alien exercised due diligence in doing so after discovering the *in absentia* order. Thus, as the agency's decision in this case is not inconsistent with its regulations and supports its recognized interest in finality without impinging on an alien's right to a full and fair opportunity to present his claims, we conclude that the agency reasonably considered Chen's lack of due diligence in pursuing rescission and that the agency's discretionary denial of his motion to rescind was not in error. *See Abudu,* 485 U.S. at 105, 107–08, 108 S.Ct. 904.

**B. Motion to Reopen**

■ The agency did not abuse its discretion in denying Chen's motion to reopen. The agency's regulations require an alien seeking to reopen proceedings with the IJ to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 C.F.R. § 1003.23(b)(1). There is no dispute that Chen's May 2006 motion to reopen was untimely because the IJ's *in absentia* deportation order was issued in

---

**2.** We assume, without determining, that Chen's motion to rescind was timely where the issue of whether Chen received notice of his hearing was not before the BIA on appeal. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(A).

February 2000. *Id.* Although there is no time limit for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered," 8 C.F.R. § 1003.23(b)(4)(i), Chen did not submit any country conditions evidence or assert that conditions in China had changed. Moreover, the agency properly found that Chen failed to establish such circumstances based on the birth of his U.S. citizen children. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005); *see also Wei Guang Wang*, 437 F.3d at 273–74. Likewise, the agency did not err in determining that Chen failed to demonstrate his *prima facie* eligibility for relief from deportation where he did not submit any evidence of country conditions in his province in China. *See Abudu*, 485 U.S. at 104–05, 108 S.Ct. 904; *see also Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).