09-3453-ag
Patel v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# **SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the Twenty-second day of July, two thousand ten.

PRESENT:

      ROGER J. MINER,
      ROBERT D. SACK,
      PETER W. HALL,

                Circuit Judges.

----------------------------------------

Minita Baki Dashrath Patel,

      Petitioner,

     - v -                     No. 09-3453-ag

Eric H. Holder, Jr., United States Attorney General,

      Respondent.

----------------------------------------

Appearing for Petitioner:  Frank B. Lindner, Yardley, P.A.

Appearing for Respondent:  Channah M. Farber, Attorney (Tony West, Assistant Attorney General, John S. Hogan, Senior Litigation Counsel, on the brief), Office of Immigration

Litigation, Civil Division, United States Department of Justice, Washington, D.C.

Petition for review of a decision by the Board of Immigration Appeals ("BIA").

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Minita Baki Dashrath Patel, a native and citizen of India, seeks review of a July 16, 2009, order of the BIA affirming the October 19, 2007 decision of Immigration Judge ("IJ") Michael Rocco, denying Patel's motion to rescind the order of deportation (which would under current law be referred to as an order of removal) issued against her and reopen the proceedings pursuant to INA § 242B(c), 8 U.S.C. § 1252b(c) (1994) (repealed, effective 1997, and recodified, as amended, without material change, at INA § 240(b)(5)(C), 8 U.S.C. § 1229a(5)(C) (2005)). See In re Minita Baki Dashrath Patel, No. A074 118 224 (B.I.A. July 16, 2009), aff'g No. A 74 118 224 (Immig. Ct. Buffalo, NY, Oct. 19, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA's decision affirms the IJ's decision without rejecting any portion of the IJ's decision, but emphasizing particular aspects of its reasoning, we review both decisions. See Xiao Xing Ni v. Gonzales, 494 F.3d 260, 262 (2d Cir. 2007). We review the BIA's denial of the motion to rescind and reopen for abuse of discretion. See, e.g., Alrefae v. Chertoff, 471 F.3d 353, 357 (2d Cir. 2006). "The standard is highly deferential." Rashid v. Mukasey, 533 F.3d 127, 130 (2d Cir. 2008) (internal quotation marks omitted). Moreover, "although a motion to rescind is a type of motion to reopen," we consider as two separate motions Patel's motion to rescind the order of deportation issued against her in absentia, and her motion to reopen her deportation proceedings in order to apply for an adjustment of status. Alrefae, 471 F.3d at 357.

In denying Patel's motion to rescind, both the BIA and the IJ relied, in large part, on Patel's lack of "due diligence" in making the motion. The BIA reasoned:

> [T]he Board has discretion to deny a motion
> to reopen even if the party has made out a
> prima facie case for relief. Here, [Patel]
> did not seek reopening of her order of
> deportation based on lack [o]f notice until

2

> more than seven years elapsed after she became aware that she had been ordered deported from the United States in absentia. She also apparently waited to do so until she may have been eligible for an immigration benefit. . . . [T]he Board will not in the exercise of discretion reopen these proceedings in light of the respondent's lack of due diligence. It was incumbent on the respondent to have requested reopening based on lack of notice within a reasonable period after having become aware of her order of deportation.

BIA Op. at 1-2.

The IJ noted similarly:

> [Patel], with full knowledge of her placement in deportation proceedings, did nothing for almost 10 years to ascertain the status of her proceedings, nor has she submitted any circumstantial evidence indicative of any intention to comply with the Court's lawful process. [Patel] had no eligibility for relief through her marriage until her priority date became current in October 2006, after which she surfaced.

IJ Op. at 5.

Patel's lack of due diligence in pursuing her motion to rescind provided a sufficient basis for the BIA and the IJ to exercise their discretion to deny it. The BIA and the IJ found as a matter of fact that Patel waited multiple years to pursue her motion to rescind because she was waiting until she became eligible for an immigration benefit by virtue of her marriage. "[G]aming of the system in an effort to avoid deportation is not tolerated by the existing regulatory scheme." Wang v. BIA, 437 F.3d 270, 274 (2d Cir. 2006). We have repeatedly, in non-precedential decisions, upheld the denial of motions to rescind on that basis in circumstances quite similar to those in this case. See, e.g., Yoga Singh v. Holder, No. 09-1419-ag, 2010 WL 1170359, at *1 (2d Cir. Mar. 25, 2010) (summary order)); Jie Chen v. Holder, 332 F. App'x 685, 687 (2d Cir. June 23, 2009) (summary order).

3

Here, the agency's denial of Patel's motion to rescind was supported by its finding that she did not diligently pursue that motion, and was not an abuse of discretion.

The BIA also denied Patel's motion to reopen her proceedings to apply for an adjustment of status on the basis of her lack of due diligence.

> We recognize that respondent is now the spouse of a United States citizen, and she may be eligible for a grant of adjustment of status if the Board were to reopen those proceedings. However, the Board will not in the exercise of discretion reopen these proceedings in light of the respondent's lack of due diligence.

BIA Op. at 2.

The relief of adjustment of status is discretionary. See, e.g., Mariuta v. Gonzales, 411 F.3d 361, 365 (2d Cir. 2005). We lack jurisdiction to review the BIA's denial, on discretionary grounds, of a motion to reopen seeking the discretionary underlying relief of adjustment of status. See id. at 366.

Because the BIA denied Patel's motion to reopen to seek the relief of an adjustment of status on discretionary grounds, we lack jurisdiction to review that decision.

The IJ, however, appears to have denied the motion to reopen for adjustment of status on the basis that the motion was untimely.

> [W]here the Respondent is eligible for relief that was unavailable at the time of the in absentia hearing, such motions [to reopen proceedings on that basis] are subject to, inter alia, the ninety-day filing deadline set forth at 8 C.F.R. § 1003.23(b)(1) (requiring a motion to reopen to be filed within ninety days of the date of entry of a final administrative order of removal, deportation, or exclusion . . . .). [Patel's] Motion To Reopen considered on this basis is therefore untimely . . . .

IJ Op. at 5 (citations omitted).

4

A determination of untimeliness of this kind is within our jurisdiction to review.  <u>See</u> <u>Mariuta</u>, 411 F.3d at 366-67.  To the extent we are required to consider the IJ's basis for denying the motion to reopen in addition to the BIA's basis, we conclude that the IJ's analysis of untimeliness was correct.  The IJ retained the power to reopen the proceedings nonetheless <u>sua sponte</u>, but its decision whether to do so was "committed to its unfettered discretion," and is "not justiciable."  <u>Prado v. Reno</u>, 198 F.3d 286, 292 (2d Cir. 1999) (internal quotation marks omitted).

We have considered all of Patel's other arguments and find them to be without merit.  For the foregoing reasons, the petition for review is hereby DENIED.

                         FOR THE COURT:
                         Catherine O'Hagan Wolfe, Clerk of the Court

5