09-0991-ag
Khokhar v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of January, two thousand ten.

Present:
        ROBERT A. KATZMANN,
        DEBRA ANN LIVINGSTON,
            *Circuit Judges*,
        LOUIS L. STANTON,
            *District Judge*.[*]

_____

RAZAQ KHOKHAR,

      *Petitioner*,

          v.                     No. 09-0991-ag

ERIC H. HOLDER JR., U.S. ATTORNEY GENERAL,

      *Respondent*.[**]

_____

---

[*] The Honorable Louis L. Stanton, United States District Judge for the Southern District of New York, sitting by designation.

[**] The Clerk of the Court is directed to amend the caption as set forth above.

For Petitioner:                    KHAGHENDRA GHARTI-CHHETRY, Chhetry &
                                   Associates, P.C., New York, NY

For Respondent:                    NAIRI M. SIMONIAN, Trial Attorney (Tony West,
                                   Assistant Attorney General, Cindy S. Ferrier, Senior
                                   Litigation Counsel, *of counsel*), Office of
                                   Immigration Litigation, U.S. Department of Justice,
                                   Washington, DC

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the petition for review is **DENIED**.

Petitioner Razaq Khokhar, a native and citizen of Pakistan, seeks review of the February 23, 2009 order of the BIA, which denied his motion to reconsider and reopen its prior decision denying his application for cancellation of removal. *In re Razaq Khokhar*, No. A072 779 095 (BIA Feb. 23, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The government argues that this Court lacks jurisdiction to review Khokhar's petition. In certain circumstances, the jurisdictional provisions of the Immigration and Nationality Act ("INA") will preclude review of an order denying a motion to reopen.[1] Specifically, 8 U.S.C. § 1252(a)(2)(B)(i) precludes review of "any judgment regarding the granting of relief under"

---

[1] Although Khokhar's motion was styled as a motion to reopen and reconsider his case, we will treat it as only a motion to reopen. He stated in his filing that his motion was "based on . . . new evidence[] which [was] not available before," *see* 8 U.S.C. § 1229a(c)(7)(B) (providing that "[a] motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted"), and he refers to his motion, in his briefs, as a motion to reopen. Moreover, his initial, defective filing fell well outside the 30-day window for filing a motion to reconsider, *see* 8 U.S.C. § 1229a(c)(6)(B) (providing that a motion to reconsider must be filed "within 30 days of the date of entry of a final administrative order of removal"), so under even a generous analysis a motion to reconsider would have been untimely.

certain provisions of the INA, including 8 U.S.C. § 1229b, which governs applications for cancellation of removal and is the provision under which Khokhar ultimately seeks relief. A motion to reopen is filed under 8 U.S.C. § 1229a(c)(7), and so does not in the first instance fall under the jurisdictional bar of §1252(a)(2)(B)(i). This Court, however, lacks jurisdiction to review an order denying a motion to reopen when the underlying application for relief is made under one of the provisions enumerated in the statute and the denial of the motion to reopen is "based on the BIA's 'merits-deciding' analysis of the alien's entitlement to the ultimate relief sought," *Mariuta v. Gonzales*, 411 F.3d 361, 365 (2d Cir. 2005), and turns on a discretionary ground, *id.* In such cases, the BIA's decision is in essence a discretionary "judgment regarding the granting of relief under" one of the enumerated provisions, and a challenge to an order denying a motion to reopen cannot be used as a way to circumvent the INA's jurisdictional bar. *See Durant v. INS*, 393 F.3d 113, 115 (2d Cir. 2004) ("[P]ermitting review of a motion to reopen when § 1252(a)(2)(C) bars review of the final order of removal would provide an improper backdoor method of challenging a removal order.").

Here, however, review is not precluded by the INA's jurisdictional bar. Although petitioner's underlying application for cancellation of removal was brought under 8 U.S.C. § 1229b, which is one of the provisions listed in § 242(a)(2)(B)(i) of the INA, the BIA's denial of his motion to reopen was not based on a discretionary, "merits-deciding" analysis of his entitlement to relief but rather was based principally on 1) the untimeliness of the motion and 2) the BIA's determination that the new evidence proffered by petitioner was "repetitive, cumulative, and/or speculative."

We therefore review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). In general, "an abuse of discretion may be

3

found in those circumstances where the BIA's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the BIA has acted in an arbitrary or capricious manner." *Wang v. BIA*, 437 F.3d 270, 273 (2d Cir. 2006) (quotation marks and alterations omitted). Title 8, section 1229a(c)(7) of the United States Code provides that any motion to reopen must be filed "within 90 days of the date of entry of a final administrative order of removal." *See also* 8 C.F.R. § 1003.2(c)(2) (same). Furthermore, the governing regulations mandate that a motion to reopen "be accompanied by a check, money order, or fee waiver request in satisfaction of the fee requirements of [8 C.F.R.] § 1003.8." 8 C.F.R. § 1003.2(g)(2)(i). The BIA's decision, therefore, does not constitute an inexplicable departure from established policies.

Nor did the BIA fail to adequately explain its decision. It found that even if it were to excuse the untimeliness of Khokhar's motion, it would deny his motion because the new evidence he proposed to introduce was cumulative, repetitive, or speculative. The INA provides that "[a] motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted." 8 U.S.C. § 1229a(c)(7)(B). The purportedly new evidence offered by Khokhar concerned matters about which the Immigration Judge ("IJ") in his case previously heard testimony; namely, the difficulty of obtaining adequate medical care for his daughter in Pakistan, the difficulty of obtaining work there, and Khokhar's own heart condition. Having reviewed both the evidence presented to the IJ and the evidence offered by Khokhar in support of his motion to reopen, we do not disagree with the BIA's determination that he failed to state new facts as required by the statute.

4

We have considered the additional arguments raised by petitioner and find them to be without merit.

For the foregoing reasons, the petition for review is **DENIED**.  Having completed our review, we **DISMISS** the petitioner's pending motion for a stay of removal as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:_____