11-3366-ag
Tian v. Holder

BIA
Lamb, IJ
A076 836 850

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand fourteen.

PRESENT:

    JON O. NEWMAN,
    RALPH K. WINTER,
    ROSEMARY S. POOLER,
        *Circuit Judges.*

_____

JINGJING TIAN,
        *Petitioner,*

        v.                                    11-3366
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        H. Raymond Fasano, New York, New
                       York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Douglas E.
                       Ginsburg, Assistant Director; Deitz
                       P. Lefort, Trial Attorney, Office of

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner JingJing Tian, a native and citizen of China, seeks review of a July 22, 2011, order of the BIA, denying her motion to remand and affirming Immigration Judge ("IJ") Elizabeth A. Lamb's June 29, 2009 order of removal. *In re JingJing Tian*, No. A076 836 850 (B.I.A. July 22, 2011), *aff'g* No. A076 836 850 (Immig. Ct. N.Y. City June 29, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's opinions "for sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). We review the BIA's denial of a motion to remand for abuse of discretion. *Li Yong Cao v. Dep't of Justice*, 421 F.3d 149, 151, 156-57 (2d Cir. 2005).

Pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), we lack jurisdiction to review the agency's discretionary denials of applications for adjustment of status and cancellation of removal. Thus, where, as here, the agency's denial of Tian's motion to remand is predicated on a finding that, as a matter of discretion, she does not merit adjustment of status and cancellation of removal, we lack jurisdiction over Tian's challenge to that determination. *See also* 8 U.S.C. § 1252(a)(2)(B)(i); *Mariuta v. Gonzales*, 411 F.3d 361, 365 (2d Cir. 2005) (holding that this Court lacks jurisdiction to review the denial of reopening based on underlying discretionary denial of adjustment of status). Nevertheless, we retain jurisdiction over constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(D).

While Tian argues that her petition sets forth reviewable constitutional claims and questions of law, her arguments merely "quarrel[] over the correctness of the [BIA's] factual findings or justification for [its] discretionary choices," which we lack jurisdiction to review. *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 42 (2d Cir. 2008) (citations omitted). For example, Tian's argument that the BIA engaged in impermissible fact-finding

by assessing the *bona fides* of her marriage to Chan is misplaced, as the BIA may consider evidence presented to it in the first instance when adjudicating a motion remand based on new evidence. *See Li Yong Cao*, 421 F.3d at 156-57 (noting that a motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (noting that the BIA has a "duty" to explicitly consider evidence in support of motions to reopen).

Similarly, Tian's argument that the BIA ignored evidence of the *bona fides* of her marriage to Chan is without merit. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n.17 (2d Cir. 2006) (noting that the agency is presumed to have "taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). Notwithstanding Tian's suggestion to the contrary, the agency is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Jian Hui Shao*, 546 F.3d at 169 (quotation omitted). In denying remand, the BIA explicitly found that Tian's evidence concerning the *bona*

4

*fides* of her marriage to Chan was insufficient due to her failure to explain: why she did not inform the IJ that she had separated from her husband while seeking a continuance for him to re-file an I-130 Petition For Alien Relative on her behalf; the Department of Homeland Security's contention that she submitted a fraudulent divorce decree for her marriage in China; or how she was able to quickly obtain a divorce from her husband in China to facilitate a subsequent marriage to another U.S. citizen when she had been unable to do so during the continuances that the IJ granted from December 2007 to June 2009.

While Tian also argues that the BIA applied an overly rigorous standard to her motion to remand, we reject this attempt to frame a disagreement over the agency's exercise of discretion as a challenge to the applicable legal standard. *See, e.g., Barco-Sandoval*, 516 F.3d at 42 ("We conclude that, despite the nomenclature used by Barco-Sandoval, his assertion that he should have obtained cancellation of removal under the applicable legal standard constitutes a mere quarrel over the correctness of the factual findings or justification for the discretionary choices made by the agency, a quarrel that we lack jurisdiction to review." (quotation omitted)).

For the foregoing reasons, the petition for review is DISMISSED, as we lack jurisdiction over Tian's challenges to the BIA's denial of her motion to remand, which was based on the BIA's discretionary determination that she did not merit adjustment of status and cancellation of removal. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk