14-4275 (L), 15-354 (CON)
*Garcia-Velazquez v. Lynch*

BIA
Straus, IJ
A078 391 336

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand fifteen.

PRESENT:   JOSÉ A. CABRANES,
           ROSEMARY S. POOLER,
           GERARD E. LYNCH,
                   *Circuit Judges.*

---

WILLIAM EDEN GARCIA-VELAZQUEZ,

   *Petitioner,*

   v.       14-4275 (L)
           15-354 (CON)

LORETTA E. LYNCH, UNITED STATES ATTORNEY
GENERAL,

   *Respondent.*

---

**FOR PETITIONER:**    ELYSSA N. WILLIAMS, Formica Williams, P.C., New Haven, CT.

**FOR RESPONDENT:**   MELISSA K. LOTT, Trial Attorney, Office of Immigration Litigation (Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, and M.

Jocelyn Lopez Wright, Senior Litigation Counsel, *on the brief)*, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petitions for review are **DENIED**.

Petitioner William Eden Garcia-Velazquez, a native and citizen of Colombia, seeks review of a November 6, 2014 decision of the BIA affirming a May 8, 2014 decision of an Immigration Judge ("IJ") ordering removal and denying a continuance. *In re William Eden Garcia-Velazquez*, No. A078 391 336 (B.I.A. Nov. 6, 2014), *aff'g* No. A078 391 336 (Immig. Ct. Hartford May 8, 2014). He also seeks review of a January 15, 2015 decision of the BIA denying his motion to reopen. *In re William Eden Garcia-Velazquez*, No. A078 391 336 (B.I.A. Jan. 15, 2015). We assume the parties' familiarity with the underlying facts and procedural history of the case.

## I.      Denial of a Continuance

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review an IJ's denial of a continuance for abuse of discretion. *Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006).

"The [IJ] may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. "IJs are accorded wide latitude in calendar management, and we will not micromanage their scheduling decisions any more than when we review such decisions by district judges." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). In adjudicating a motion for a continuance based on an alien's intention to apply for adjustment of status using a pending visa petition, the agency may consider a variety of factors, including:

> (1) the [government's] response to the motion; (2) whether the underlying visa petition is prima facie approvable; (3) the [movant's] statutory eligibility for adjustment of status; (4) whether the [movant's] application for adjustment merits a favorable exercise of discretion; and (5) the reason for the continuance and other procedural factors.

*Matter of Rajah*, 25 I. & N. Dec. 127, 130 (B.I.A. 2009) (quoting *Matter of Hashmi*, 24 I. & N. Dec. 785, 790 (B.I.A. 2009)). The BIA has emphasized that "the focus of the inquiry is the likelihood of success on the adjustment application." *Id.*

Here, Garcia-Velazquez has not shown an abuse of discretion. The IJ applied the *Hashmi* factors in denying a continuance, and there is nothing to suggest that he applied those factors improperly or relied on erroneous factual findings. As to factor one, the Government opposed the motion. The IJ did not expressly consider factor two, whether an I-130 petition would be prima facie approvable, but that failure is immaterial. The *Hashmi* factors presume such a petition is pending, but here, it was not—the original petition had already been denied. As to the third factor, it was unclear at the time whether Garcia-Velazquez was statutorily eligible for adjustment because he had an extensive criminal history and other pending charges, which might have required a waiver of inadmissibility. The IJ, however, appeared to assume eligibility and considered the remaining factors, which weighed against a continuance.

Importantly, the IJ considered the fourth factor, whether Garcia-Velazquez would merit a favorable exercise of discretion, and concluded that he would not. *See Hashmi*, 24 I. & N. Dec. at 793. Garcia-Velazquez has multiple convictions, which range from reckless driving to possession of stolen property. His attempts to downplay this record by stating that "more than half" of the offenses were "minor vehicle infractions" and emphasizing the equities are unavailing. He does not establish an abuse of discretion—the agency considered the equities and Garcia-Velazquez points to no factual or legal errors. *See Morgan*, 445 F.3d at 551-52. The agency correctly noted that Garcia-Velazquez has a U.S. citizen wife and children, but he failed to submit evidence of his relationship with them, or other evidence of his positive factors.

Finally, the IJ considered "other procedural factors." *Hashmi*, 24 I. & N. Dec. at 790. The first visa petition was denied in 2002, and there was no evidence, at the time, that Garcia-Velazquez's wife would file another given that she had not responded to telephone calls or appeared in immigration court, and that she had an order of protection against Garcia-Velazquez at the time. Accordingly, the petition challenging the agency's denial of a continuance is denied.

## II.    Motion to Reopen

We have jurisdiction to review the denial of reopening, *see Mariuta v. Gonzales*, 411 F.3d 361, 364–65, 367 (2d Cir. 2005), which we review for abuse of discretion, *see Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). "A motion to reopen proceedings shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . . ." 8 C.F.R. § 1003.2(c)(1); *see also* 8 U.S.C. § 1229a(c)(7)(B). The BIA will grant a motion to reopen based on "new evidence" only if it "would likely change the result in the case." *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (B.I.A. 1992).

Here, the BIA did not abuse its discretion in concluding that the new evidence was unlikely to change its prior decision. Garcia-Velazquez still had a lengthy criminal record weighing against adjustment of status, and he submitted only his application, criminal history, and identity evidence, not any evidence of positive factors.

**III.     Conclusion**

We have considered all of petitioner's arguments, and have found them to be without merit. Accordingly, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4