Sandoval v. Barr

BIA
Buchanan, IJ
A093 334 631

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand nineteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge,*
ROSEMARY S. POOLER,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

SELVIN SANDOVAL,

*Petitioner,*

v.                                                    16-3958
                                                       NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,

*Respondent.*

_____

FOR PETITIONER:                Gisela Chavez-Garcia, New York, NY.

**FOR RESPONDENT:**          Chad A. Readler, Acting Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; Nancy Kwang Canter, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Selvin Sandoval, a native and citizen of Guatemala, seeks review of an October 26, 2016, decision of the BIA affirming an October 6, 2015, decision of an Immigration Judge ("IJ") denying Sandoval's motion to reopen his removal proceedings. *In re Selvin Sandoval,* No. A093 334 631 (B.I.A. Oct. 26, 2016), *aff'g* No. A093 334 631 (Immig. N.Y. City Oct. 6, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the denial of a motion to reopen for abuse of discretion. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). Where, as here, a motion to reopen is filed to apply for cancellation of removal and argues ineffective assistance of counsel, the dispositive analysis is whether the movant established his prima facie eligibility for

2

cancellation.  *See INS v. Abudu*, 485 U.S. 94, 104 (1988); *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994).  To demonstrate eligibility for cancellation of removal, a nonpermanent resident such as Sandoval must demonstrate that his "removal would result in exceptional and extremely unusual hardship to" his U.S.-citizen daughters.  8 U.S.C. § 1229b(b)(1)(D).  "'[E]xceptional and extremely unusual hardship' determinations by the [agency] are discretionary judgments." *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 38 (2d Cir. 2008) (quoting *De La Vega v. Gonzales*, 436 F.3d 141, 145-46 (2d Cir. 2006)).  Thus, our jurisdiction to review the agency's hardship determination, as well as the denial of a motion to reopen, is limited to constitutional claims and questions of law.  8 U.S.C. § 1252(a)(2)(B), (D); *Barco-Sandoval*, 516 F.3d at 39 (hardship determinations); *Mariuta v. Gonzales*, 411 F.3d 361, 365 (2d Cir. 2005)(motion to reopen).

Although a question of law may arise when "some facts important to the subtle determination of 'exceptional and extremely unusual hardship' have been totally overlooked and others have been seriously mischaracterized," *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009), Sandoval failed to identify any such errors in the agency's hardship ruling.

3

Moreover, the agency applied the correct standard and considered Sandoval's hardship evidence, including a pediatrician's letter concerning the asthma of one of his daughters. *In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 468 (B.I.A. 2002) (In making a hardship determination, "consideration should be given to the age, health, and circumstances of the qualifying family members, including how a lower standard of living or adverse country conditions in the country of return might affect those relatives."). Sandoval does not challenge the agency's factual findings that he is not his daughters' primary caregiver, that he does not live with them or visit them often, and that he provided no evidence that they would accompany him to Guatemala or that his daughter's asthma could not be effectively treated there.

Sandoval asserts that some supporting documentation was withheld by his prior counsel, but he did not raise this argument before the BIA and provides no description of the allegedly withheld documents. In any event, our review is limited to the administrative record on which the agency's decision was based. 8 U.S.C. § 1252(b)(4)(A).

4

For the foregoing reasons, Sandoval's petition for review is DISMISSED.

                        FOR THE COURT:
                        Catherine O'Hagan Wolfe
                        Clerk of Court