20-471 (L)
Khan v. Garland

BIA
Ruehle, IJ
A206 652 257

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand twenty-two.

PRESENT:
DEBRA ANN LIVINGSON,
*Chief Judge,*
JON O. NEWMAN,
GERARD E. LYNCH,
*Circuit Judges.*

_____

ESFAK AHMED KHAN,
*Petitioner,*

v.

20-471 (L),
20-2576 (Con)
NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:           Anne E. Doebler, Esq., Buffalo, NY.

**FOR RESPONDENT:**           Brian Boyton, Acting Assistant
                             Attorney General; Zoe J. Heller,
                             Senior Litigation Counsel; Rodolfo
                             D. Saenz, Trial Attorney, Office
                             of Immigration Litigation, United
                             States Department of Justice,
                             Washington, DC.

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DISMISSED.

Petitioner Esfak Ahmed Khan, a native and citizen of Bangladesh, seeks review of a January 9, 2020, decision of the BIA denying Khan's motion to remand and affirming a February 28, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), *In re Esfak Ahmed Khan*, No. A206 652 257 (B.I.A. Jan. 9, 2020), *aff'g* No. A206 652 257 (Immig. Ct. Buffalo Feb. 28, 2018), and a July 30, 2020, decision of the BIA denying Khan's subsequent motion to reopen, No. A206 652 257 (B.I.A. July 30, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

We review findings of fact for substantial evidence and questions of law de novo. *See* 8 U.S.C. § 1252(b)(4)(B);

*Yanqin Weng v. Holder*, 562 F.3d 510, 513, 516 (2d Cir. 2009).

We dismiss the lead petition because Khan did not raise any challenge to the BIA's January 2020 decision in his brief and failed to exhaust any argument as to asylum, withholding of removal, and protection under the CAT before the BIA. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006) (holding that petitioner's failure to exhaust arguments before the BIA deprives this court of jurisdiction to review); *see also Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (finding "single conclusory sentence" constitutes waiver); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

We likewise dismiss the consolidated petition. We review the denial of a motion to reopen for abuse of discretion, *see Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89–90, 93 (2d Cir. 2001), and we are "mindful that motions to reopen 'are disfavored,'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 322–23 (1992)).

3

We lack jurisdiction to consider the BIA's denial of Khan's motion to reopen.  The agency's decision whether to exercise its sua sponte authority under 8 C.F.R. § 1003.2(a) is "entirely discretionary" and not subject to judicial review.  *Ali*, 448 F.3d at 518.  The limited exception, under which we will remand if the BIA "misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009), does not apply here.

The BIA also denied reopening on the basis that, ultimately, it would not grant Khan adjustment of status as a matter of discretion.  We again lack jurisdiction to review this determination.  The agency relied on *INS v. Abudu*, 485 U.S. 94 (1988), which held, in the similar context of motions to reopen, that in certain discretionary matters the BIA may "leap ahead . . . over the two threshold concerns (prima facie case and new evidence/reasonable explanation), and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief."  485 U.S. at 105; *see also Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005) ("A motion to remand that

4

relies on newly available evidence is held to the substantive requirements of a motion to reopen."). "*Abudu* stands for the proposition that . . . the BIA may deny a motion to reopen if it determines that it would ultimately exercise discretion to deny that relief," and "[w]here a denial is based on the BIA's 'merits-deciding' analysis of the alien's entitlement to the ultimate relief sought, the denial may properly be said to be a decision 'under' the statutory provision providing that ultimate relief." *Mariuta v. Gonzales*, 411 F.3d 361, 364–65 (2d Cir. 2005). Thus, where the BIA denies a motion to remand to seek adjustment of status because it would ultimately deny the relief as a matter of discretion, the jurisdictional limitation in 8 U.S.C. § 1252(a)(2)(B) attaches because the BIA is making a discretionary determination as to whether an individual receives adjustment of status under 8 U.S.C. § 1255. *Mariuta*, 411 F.3d at 365–66. We lack jurisdiction to review such a determination absent a constitutional claim or question of law. 8 U.S.C. § 1252(a)(2)(D).

We find Khan's arguments insufficient to invoke our jurisdiction under 8 U.S.C. § 1252(a)(2)(D) because they amount to disputes with the BIA's rationale for its

5

discretionary choices and the weight afforded certain factors, which we lack jurisdiction to review. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). Khan's constitutional claim that his due process rights were violated similarly fails to invoke our jurisdiction because he has not shown he was deprived of a full and fair opportunity to present his claim. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104 (2d Cir. 2006) (stating that due process requires showing applicant was "denied . . . a full and fair opportunity to present [his] claims."); *cf. Yuen Jin v. Mukasey*, 538 F.3d 143, 156–57 (2d Cir. 2008) (concluding that noncitizens do not have a "liberty or property interest" in discretionary relief).

For the foregoing reasons, the petitions for review are DISMISSED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6